HODGES, SECRETARY OF STATE *v.* BOARD OF IMPROVEMENT
OF WATERWORKS IMPROVEMENT DISTRICT No. 22 OF
TEXARKANA.

Opinion delivered March 1, 1915.

INITIATIVE AND REFERENDUM—CITY ORDINANCES—LOCAL IMPROVEMENTS.—
Act 135, Acts 1913, which provides for the reference of city ordinances to a vote of the people, and prescribes a method of referring the same, *held* to apply only to matters of general legislation by a city council, in which all electors, without distinction, may take

part, and not to a city ordinance with reference to a local improvement district, wherein only property owners within the district were interested.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellee instituted this action in the chancery court against appellant to restrain him, as Secretary of State, from certifying out to be voted upon by the electors of the city of Texarkana, Ordinance B-191, being an ordinance levying the assessments of benefits against the real property in Waterworks Improvement District No. 22, in the city of Texarkana, Arkansas.

On March 14, 1914, the city of Texarkana duly created Waterworks Improvement District No. 22, which included the whole area of the city of Texarkana, Arkansas, for the purpose of obtaining, constructing, and equipping an adequate system of waterworks. The majority in value of the property owners in the said district filed a petition with the city council praying that said improvement be made. The petition designated the nature of the improvement to be undertaken and asked that the costs thereof be assessed and charged upon the real property within the district. The city council appointed John P. Cline, Q. O. Turner and A. B. Little, owners of real property within the district, to compose a board of improvement for the district. The board of assessors was duly appointed and on November 13, 1914, filed with the city clerk the assessment of the benefits against the real property in said district. On November 24, 1914, pursuant to the prayer of the petitioners, the city council by Ordinance B-191, duly levied the assessment of benefits against the real property within said district. On December 14, 1914, certain electors of the city of Texarkana filed their petition with the Secretary of State praying that said Ordinance B-191 be referred to the voters of the city of Texarkana to be voted upon at the general city election on the first Tuesday of April, 1915. The Secretary of State was preparing to refer said ordi-

nance to the electors at said election when a temporary injunction was granted against him, when the board of improvement commissioners first instituted this action. When the case came on for final hearing the court found that the ordinance in question was not a proper ordinance to be referred to the electors of the city of Texarkana for approval or rejection, and a permanent injunction was issued against the Secretary of State as prayed for in the complaint. The case is here on appeal.

*Wm. L. Moose,* Attorney General, *W. H. Arnold* and *James D. Head,* for appellant.

1.  In passing the ordinance in question, the city council was not exercising a police power, for this is a levy of a special tax for the purpose of constructing waterworks in the city.  5 McQuillin on Mun. Corp., § 2717, pars. 4326-7.

The act itself having specified the only exceptions to the grant of this power to order a referendum, it exists in all other cases save those falling within the exceptions.  Acts 1913, pp. 563, 565.

2.  No exception is reserved by the act from the power of the people to order a referendum on matters involving the taxing power, unless the ordinance be for the maintenance of the municipal government in some of its branches.  An improvement tax, this court has held, is not "taxes" within the meaning of the law, and that while "they are laid under the taxing power, and are, in a certain sense, taxes, yet, they are a peculiar class of taxes, and are not within the meaning of that term as it is usually employed in our Constitution and statutes." 59 Ark. 513-531; 89 Ark. 513.

As there is no exception in the act itself, from the power of reference given to the people, in favor of special assessments, the court can not engraft on the act by way of amendment exceptions not found within its terms. 144 N. W. 730; 5 L. R. A. 115; 104 Ark. 583, 596.

3.  The referendum act is not in violation of the Constitution.  Art 19, § 27.

When an improvement district is organized for the purpose of providing waterworks, gas or electric lights, all of the electors of the city become at once interested in said improvement. Kirby's Dig., § 5675; 56 Ark. 205; *Id.* 365.

A reference of the ordinance to the voters would not violate the constitutional requisite of a consent of a majority in value, of those owning real property in the district, for that consent has already been obtained; but in addition to this consent the electors of the city are, by the act of 1913, given power to determine the expediency of the district, even though a majority of the owners of real property may have petitioned for it. And there is no merit in the contention that a reference of the ordinance might still leave the improvement district organized, and the city council with power to pass another ordinance levying the assessment. 139 Kan. 1191.

The specification in the act of certain matters which may not be referred, excludes the idea that any other matters may not be referred. The naming of certain exceptions excludes the idea that other exceptions exist which the Legislature did not mention in the act. 104 Ark. 510; 110 Ark. 528.

4. Amendment No. 10, to the Constitution, is worded quite differently from the language used in the municipal referendum measure of 1913. The former does not confer power, but reserves it. 104 Ark. 583, 595. The latter confers upon the voters of municipalities power which they did not have before.

If it should be held that a city council, by merely attaching an emergency clause declaring an ordinance pertaining to taxation to be an exercise of police power, it would be tantamount to conferring upon the city council the right to repeal any act of the Legislature.

5. The city council by stating in the ordinance that it was for immediate relief of "persons in distress," merely sought to evade the fourth subdivision or class of legislation which the statute withholds from reference.

This fourth subdivision pertains to individuals, as such, in contra-distinction to the community in general.

*R. M. Mann* and *Frank S. Quinn,* for appellee.

1.    Improvement district ordinances are not within the meaning and intention of the Referendum Act. Hunt on Special Assessments, § 196; 109 Ark. 556; *Id.* 90; 55 Ark. 148; 42 Ark. 152.

2.    The Referendum Act, if applied to improvement districts would be in conflict with section 27, article 19, of the Constitution.    84 Ark. 390.

3.    Special assessments for local improvements are levied under the police power.    They are not taxes.    86 Ark. 109; 59 Ark. 513, 532; 3 McQuillin, Mun. Corp., 1882, § 889; 96 U. S. 113-125; 2 Cooley, Taxation, (3 ed.), 1127, 1128 1130; 5 McQuillin, Mun. Corp., 4328, and authorities cited.

4.    There is no great difference between the Referendum Act of 1911, and the act of 1913, the principal difference apparently being that the Legislature must declare an emergency, otherwise none exists, whereas, in the municipal referendum act it appears that an ordinance may be an emergency ordinance although no emergency clause is attached.

There is no provision in the latter act giving to the Secretary of State authority to determine whether an emergency exists, neither does it vest that authority in the courts.

The rule is that an act of a city council, in the exercise of its delegated powers, has all the presumptions indulged in its favor that an act of the Legislature has. In the formation of improvement districts and levying assessments, the action of a city council is conclusive, unless attacked for fraud or demonstrable mistake.    81 Ark. 208; 101 Ark. 227; 98 Ark. 543; 105 Wis. 651, 81 N. W. 1046.

The evident intent of the act of 1913, is to grant to municipal corporations the right to say that ordinances for certain excepted purposes shall not be submitted to a

vote. This court has held that the existence of an emergency is a question of fact.    109 Ark. 479; 74 Pac. 710.

HART, J., (after stating the facts).    In the case of *Tomlinson Brothers* v. *Hodges*, 110 Ark. 528, the court held that Acts of 1911, page 582, providing for carrying into effect the initiative and referendum powers, reserved to the people in Constitutional Amendment No. 10, was only intended to carry out and put into effect the constitutional amendment and did not confer on the people of a municipal corporation referendum power over an ordinance passed by the city council which granted to appellants in that case a franchise to furnish light to the city of Mena.    The court, however, further held that the Legislature may provide for direct legislation in cities and towns through the initiative and referendum.

The Legislature of 1913, passed Act No. 135, entitled, "An Act to grant to the people of municipal corporations the right to refer ordinances passed by the council of said municipal corporation, to prescribe the method of referring the same, and to punish violations of this act."    See Acts of 1913, page 563.

The first sentence of section 1, of the act provides that within ninety days after the passage of any ordinance of any city or town council, 20 per cent of the legal voters of said municipality may by petition order the referendum upon any such ordinance.

The section further provides that when the referendum is ordered the ordinance shall not be effective until a majority of the voters shall approve it.

It was under this section that the electors of the city of Texarkana were attempting to have the ordinance levying assessments of benefits against the real property situated within the improvement district submitted to the electors of the city of Texarkana.

We are of the opinion that Act No. 135, of the Acts of 1913, above referred to, was intended to apply only to matters of general legislation by the city council in which all electors without distinction may take part.

Section 27, article 19, of our Constitution provides: "Nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assessments on real property for local improvements in towns and cities under such regulations as may be prescribed by law, to be based upon the consent of the majority in value of. the property holders owning property adjoining the locality to be affected."

Pursuant to this clause of the Constitution the Legislature has enacted general laws for the organization of local improvement districts and the mode of levying assessments upon real property situated within such districts. Under the clause above referred to of our Constitution and the general statutes relating to the subject passed in conformity with the power given the Legislature, only property owners may take part in the organization of local improvement districts. The electors of the city who are not property owners within the proposed district have no interest in the organization of such local improvement districts and are in no wise concerned in them.

When Act No. 135, of the Acts of 1913, is construed with reference to this provision of the Constitution, it is manifest that the special act in terms applies and was intended by the Legislature to apply only to matters of general legislation in which all of the electors of the city may participate.

It follows that the decision of the chancellor was correct and the decree will be affirmed.