RAYDER *v.* McGEHEE EAST AND WEST HIGHWAY DISTRICT.

Opinion delivered December 3, 1923.

1. HIGHWAYS—VALIDITY OF STATUTE CREATING DISTRICT.—Special Acts 1923, p. 1721, creating a road improvement district to include "any quarter section lying wholly or in part within three miles of the road," *held* not invalid as discriminatory on its face or otherwise.

2. HIGHWAYS—UNCERTAINTY AS TO BOUNDARIES.—Special Acts 1923, p. 1721, creating road improvement district and providing for the selection by resident landowners between two routes, *held* not void because of indefiniteness of description of boundaries, since the statute tentatively adopts both routes for the purpose of the election, and makes the selected route the boundary after the election.

3. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTE.—A statute should be construed so as to render it valid, if it can be done under any reasonable interpretation of the language used.

4. HIGHWAYS—CONSTRUCTION OF ACT.—"General Highway Bill," Acts Ex. Sess. 1923, No. 5, providing for an election in certain classes of road districts, *held* inapplicable to a road improvement district created by Sp. Acts 1923, p. 1721, which provided for an election as to the route.

Appeal from Desha Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*Percy L. Neville*, for appellant.

The district is invalid for the reason that any quarter section which lies wholly or in part within three miles of the road is included, which results in including the entire quarter section if any part falls within the radius described, and other lands equidistant from the road will not be included, which is arbitrary and discriminatory and renders the district invalid. 146 Ark. 287. The description of the district as set out in § 27 of the act is too vague and uncertain. The election held pursuant to

the act creating the district was invalid, since the general road law, passed at the special session of the Legislature of 1923, supersedes and controls in the manner of holding elections. The last act provides for nonresident landowners and corporations having a vote, which privilege was denied under the special act. 120 Ark. 230.

*Abner McGehee,* for appellee.

A legislative finding as to what lands will be benefited is binding on courts, except for arbitrary discrimination or obvious and demonstrable mistakes appearing on the face of the act. 155 Ark. 176. See also 139 Ark. 524; 135 Ark. 325; 131 Ark. 59; 133 Ark. 380; 145 Ark. 49. Cases holding the validity of a statute which provides for an election by the landowners to select the route are: See 145 Ark. 143; 156 Ark. 507. The district in question falls within the exception contained in the general road law, and the election held was valid.

McCULLOCH, C. J. Appellee is a road improvement district created by a statute enacted at the regular session of the General Assembly of 1923 (Special Acts 1923, p. 1721), the road to be improved starting a short distance west of the town of McGehee, in Arkansas County, thence running to McGehee and through the town, and thence northeasterly parallel with the line of the Missouri Pacific Railroad, to the town of Watson, and from the town of Watson two routes running north, one to Yoncapin and the other to a point designated as Moore's Bridge across Red Fork Bayou, in section 15. The statute provided for a referendum election for the majority of landowners to vote to determine whether or not there should be operations under the statute, and it provided that at said election, in addition to the question of adoption of the statute, the voters should select which of the two routes from Watson to Yoncapin or to Moore's Bridge shall be adopted.

The statute describes the boundaries of the district as including all lands in Desha County "south of the Arkansas River and west of the Mississippi River, and

situated within three miles of any part of the road here-inafter described to be improved, laid out and maintained.'' The section in which the description of the territory is given concludes as follows: "Any quarter section lying wholly or in part within three miles of the road is included within the district.'' The statute also prescribed how the election should be held to determine the question of adoption of the statute, and the selection of the route north of Watson.

Appellant is the owner of property in the district, and he instituted this action to enjoin the commissioners from proceeding, alleging that the statute is void. The complaint alleges that an election was held pursuant to the terms of the statute, and that a majority voted in favor of adopting the statute and selecting the route from Watson to Yoncapin. The chancery court rendered a decree declaring the statute valid, and an appeal has been prosecuted to this court.

The first contention of counsel for appellant is that the statute is void by reason of the provision that, where any part of a quarter section lies within three miles of the road, the whole should be included in the district. The argument is that this makes the taxes discriminatory and arbitrary and might result in including an entire quarter section and excluding other lands equidistant from the road to be improved. It cannot be seen, from the face of the statute, that this rule could result in any discrimination in favor of or against any lands, and no reason is given in the pleadings why it is discriminatory. No case is presented now where lands are included, with other intervening lands excluded. The statute itself does not fix the assessments of land, but provides for assessments of benefits to be made by the commissioners. We see no reason why this provision of the statute should result in any unjust discrimination, so as to afford grounds for declaring the statute void. *House* v. *Road Improvement District No. 5,* 158 Ark. 357.

It is next contended that the act is void because the description of the boundaries of the territory to be included is so vague and indefinite that it cannot be determined what lands are to be included, or what owners shall be permitted to vote in the election. Attention is called to the fact that the boundaries are not definitely fixed until the voters have decided, at the election, upon the route to be adopted north of Watson, either to Yoncapin or to Moore's Bridge, and it is argued that, since the boundaries of the district are extended three miles from the road to be improved, it cannot be known until after the route is selected where the boundaries are. The situation with respect to the creation of this district is indeed unusual and presents a different question from anything heretofore presented on this subject. It is our duty, however, to give such construction to the statute as will render it valid, if it can be done under any reasonable interpretation of the language used.

It is clearly and unmistakably declared in the statute that the district shall be created and that the boundaries shall extend three miles from the road, and yet there is a provision for the selection of the route north of Watson. It will be remembered, from the recitals heretofore made, that the principal part of the road is the long stem running parallel with the railroad between McGehee and Watson, and there are two comparatively short prongs of the road, one running from Watson to Yoncapin and the other from Watson to Moore's Bridge, and it is left to the choice of the resident landowners to determine which of those prongs should be adopted. We think that a fair interpretation of the statute is that it was intended to include the lands within three miles of each of these roads north of Watson for the purpose of determining who should vote in the election. Both routes are tentatively selected by the statute, but the final selection is left with the voters, and it was the purpose of the framers of the statute to permit resident owners of land within three miles of each of the two routes to vote in

the election, but, after the selection of the route by a majority of the voters, then the route selected becomes the final one, and the boundaries of the district reach only to points on each side of the road three miles distant, which would exclude all lands within those boundaries. Thus interpreting the statute, it is a valid one, and it appears, from the face of the pleadings, that an election was held, and that the route to Yoncapin was adopted.

Since the decision of this case in the court below, act No. 5 of the extraordinary session of 1923, commonly designated as the general highway bill, has been enacted, containing a provision to the effect that, in all road districts created since the session of 1915, where no construction work has been done, nor contract let, nor bonds issued, before proceeding there shall be a reference to a vote of the owners, in number or in value, of lands in the district. The section containing that provision also contains the following exemption:

"This section of this act shall not apply to improvement districts where the act creating the improvement district or amendments to it provide for petitions of any majority of property owners, or an election to ascertain their will, or to those districts where actual construction work has been begun, or contracts therefor have been made, or bonds sold and delivered and are outstanding, before the passage of this act."

It is contended that this provision of the late statute nullifies the organization of appellee road district under the prior statute, for the reason that the election provided for and held under the statute creating this district was at variance with the provisions in the general highway bill for an election by all the landowners in the district, regardless of residence, either in number or in value. The general highway bill was passed since the decision below, but we take notice of its passage, and if its effect is to repeal the former act, it is our duty to so declare, even though the new statute was passed while the appeal was pending here. We are of the opinion,

however, that this district falls within the exemption specified in the general highway bill. It is true that the statute creating this district provided for an election to be participated in by only the resident landowners, whereas the general highway bill provides for an election by owners of land, regardless of residence. There is no constitutional restriction, however, upon the lawmakers in providing how an improvement district shall be put into operation; the ascertained will of the majority is not required, but is only a privilege extended by the Legislature, or a condition upon which the act goes into effect. It was within the power of the lawmakers to leave it to the will of the resident property owners. The exemption in the general highway bill does not specify what kind of an election must have been held in order to come within its terms. The only specification is that districts formed under previous statutes, where there was a provision for a majority of property owners to petition or to vote at an election, should fall within the exemption. This only meant that, where there had been a reference of the statute, in such mode and upon such terms and regulations as the Legislature saw fit to provide, and the election was held in accordance therewith, there was to be no requirement under the later statute for another election.

We conclude therefore that no election under the general statute was required, and that there had been a valid adoption of the statute by the voters.

This covers all the points raised in the case, and, as we find the decree to be correct, it is in all things affirmed.