BOST *v.* ROAD IMPROVEMENT DISTRICT NO. 4.

Opinion delivered April 21, 1924.

1. HIGHWAYS—NECESSITY OF SPECIAL ELECTION.—Road Improvement
District No. 4 of Pope County, created by special act of extra-
ordinary session of 1920, as amended by special act of 1923,
p. 11, *held* to fall within the exception in the general highway
statute (Acts Sp. Sess. 1923, p. 11, § 25) forbidding road improve-
ment districts to proceed with the construction of improvements
until an election has been held by the landowners, but excepting
those districts which were created by acts providing for petition
or election of the landowners.

2. HIGHWAYS—REASONABLE TIME FOR PETITIONING FOR ELECTION.—A
statute providing for election as to the construction of a road
improvement, upon petition presented to the county court within

thirty days after the statute takes effect, *held* not void as against contention that the time within which to present the petition was unreasonable.

3. EVIDENCE—NOTICE OF STATUTE.—All persons are chargeable with constructive notice of the enactment of statutes.

Appeal from Pope Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Robert Bailey,* for appellant.

The Harrelson Act, act No. 5, approved October 10, 1923, takes precedence over all special acts. Article 5, § 25, Constitution 1874; 135 Ark. 106, 223 S. W. 378; 138 Ark. 471, 212 S. W. 334; 142 Ark. 91; 218 S. W. 179; 145 Ark. 229; 137 Ark. 280. When it became a law, it immediately repealed all road improvement districts in the State that had not performed certain requirements specified in § 25 in that act. The commissioners must have done the things specified in the act, before it was passed, otherwise the district has no legal existence. Here, it is undisputed, there was no construction work actually done, no bonds actually sold or delivered, whereas, the requirement is that bonds must have been outstanding, actually sold and delivered, before the passage of the act. The original act creating the district does not provide for a referendum, and the district was not established by a petition of a majority of the property owners. The amendment, approved February 23, 1923, in providing for a petition for an election to be signed by not less than 100 real property owners, within 30 days after the passage of the act, was impossible of accomplishment, unreasonable, and amounted to a virtual prohibition of the landowners in the district from being heard.

*E. A. Williams,* for appellee.

The doing of any one of the things enumerated in § 25 of the Harrelson act, before the passage of the act, makes a district valid. In this case it is admitted that bonds were issued. Not only is the district valid under the first paragraph of that section, but also under the last paragraph, the proviso to the effect that the act shall not

apply to improvement districts, where the act creating the district or amendments to it provide for an election to ascertain the will of the landowners. As to the office of a proviso, see 26 Am. & Eng. Encl. of L., 2d ed. 678. The enacting clause of an act cannot be construed as repealed by a proviso, so as to make of the latter the enacting clause. 46 Ark. 306; 63 Ark. 559; 74 Ark. 306. It is the duty of the courts to construe a statute, as nearly as possible, so as to carry out the intention of the Legislature. If it is susceptible of two constructions, one leading to an absurdity, and the other not, the latter construction will be adopted. 91 Ark. 5; 37 Ark. 495; 61 Ark. 226; 71 Ark. 556.

McCULLOCH, C. J. Appellant instituted this action in the chancery court of Pope County to restrain the commissioners of Road Improvement District No. 4 of that county from proceeding further under the statute creating the district. The district was created by special act of the extraordinary session of the General Assembly of 1920, authorizing the improvement of a certain road in Pope County running out from the incorporated town of Atkins. The case was tried below on an agreed statement of facts, which recites that benefits to the property of the district had been assessed, and taxes levied thereon had been collected for the years 1921 and 1922, except against some of the property owners, who had refused to pay, and that the suit had been brought by the commissioners of the district to collect the delinquent taxes.

At the regular session of the General Assembly of 1923 a special statute was enacted amending the act creating Road Improvement District No. 4 of Pope County, and § 5 of that statute reads as follows:

"The commissioners of said Road Improvement District Number Four of Pope County shall not proceed under this act for the space of thirty (30) days after it has become a law. In the meantime, if a petition, signed by not less than one hundred real property owners residing in the district, shall be presented to the county court of Pope County, demanding that an election be held to

determine whether this act shall be put into operation, it shall be the duty of said county court or judge to require the election commissioners of Pope County to call a special election, to be held on a day to be fixed by the board of commissioners of said district, at which election only persons owning real property within the district will be allowed to vote. Said election shall be conducted as special elections are required to be conducted under the general election laws, and the voters shall vote at such precincts as may be designated by the county court or judge. The returns of said election shall be made to the county court of Pope County, in whose presence the votes shall be counted, and whose determination shall be final. The ballots shall be marked, 'In favor of Road Improvement District Number Four of Pope County,' and 'Against Road Improvement District Number Four of Pope County;' and the property owners shall vote by erasing the clause which does not express their wish. Only persons owning property within the district subject to taxation under this act will be allowed to vote; but executors and administrators may vote for the estates represented by them, guardians of minors and insane persons may vote for their wards, corporations may vote by their duly constituted agents. If the county court shall find that a majority in numbers, acreage or assessed value of the owners of real property in the district have voted in favor of said district, it shall enter its order to that effect, and it shall be the duty of said commissioners to proceed hereunder. If no such petition is presented within thirty (30) days, the commissioners of said district will proceed to carry out the terms and provisions of this act, and to improve the roads as heretofore authorized. In determining the value, the court shall be guided by the assessment for State and county taxes in force at the time of the passage of this act; and to facilitate the counting of the votes, each landowner shall describe upon his ballot the lands owned by him.'' Special Acts 1923, p. 360.

Section 25 of the general highway statute enacted at the extraordinary session of the General Assembly in 1923 (Acts Special Session 1923, p. 11) reads, in part, as follows:

"The commissioners or directors of any road improvement districts created by special acts of the Legislature enacted since the session of the General Assembly in the year 1915, except St. Francis River Road Improvement District of Poinsett County, Arkansas, and St. Francis River and Bridge Road Improvement District, Poinsett County, Arkansas, that have not, at the time of the passage of this act, let any construction contracts, actually done construction work, or issued, sold or delivered to the purchaser thereof any bonds of the district, shall not proceed with the construction of the improvements under their charge, and shall not issue any bonds to secure funds therefor, unless a majority in number and value of the landowners in fee simple in such district, voting at the election provided for in this act, shall express by their ballots a desire that the construction of such improvements be proceeded with. (Here follow provisions for giving notice and holding the election). This section of this act shall not apply to improvement districts where the act creating the improvement district or amendments to it provides for petitions of any majority of property owners, or an election to ascertain their will, or to those districts where actual construction work has been begun or contracts therefor have been made, or bonds sold and delivered and are outstanding before the passage of this act."

It is alleged in the complaint that the commissioners of Road Improvement District No. 4 of Pope County are about to proceed without an election being held pursuant to the requirements of the general highway statute, *supra,* and that no election was ever held under the act of the regular session of the General Assembly of 1923, *supra,* amending the statute creating the district. The contention is that, as no election was held under the act amending the statute creating the district, all further

proceedings are suspended under the general highway statute until an election be held. It is recited in the agreed statement of facts that ''the act creating the said district and the amendment thereto provided for an election by the landowners to ascertain their wish, but no election was demanded and none held.''

Our conclusion is that Road Improvement District No. 4 of Pope County does not fall within the requirements of § 25 of the general highway statute, which provides that ''this section of this act shall not apply to improvement districts where the act creating the improvement districts or amendments to it provides for petitions of any majority of property owners, or an election to ascertain their will * * *.'' This district falls within the exception stated in the general highway statute, for it appears that the amendment to the statute creating this road district did, in fact, provide for an election to ascertain the will of property owners. It is true, as contended by counsel for appellant, that the amendatory statute referred to above placed a condition upon the election that there should be a petition of one hundred property owners, but the general highway statute does not specify the conditions or terms upon which an election should be held. It merely declares that the act shall not apply to districts created by a statute which provides for an election to ascertain the will of the owners of property. *Rayder* v. *McGehee East & West Highway District,* 161 Ark. 269. In the case just cited we said:

''The exemption in the general highway bill does not specify what kind of an election must be held in order to come within its terms. The only specification is that districts formed under previous statutes, where there was a provision for a majority of property owners to petition or to vote at an election, should fall within the exemption. This only meant that, where there had been a reference of the statute, in such mode and upon such terms and regulations as the Legislature saw fit to provide, and the election was held in accordance therewith, there was to be no requirement under the latter statute for another election.''

It will be noted that the clause containing the exemption in § 25 of the general highway statute does not restrict the exemption to a district where an election has been actually held, but it exempts all districts where the act creating them provides for an election. There is, as before stated, an express provision in the act of 1923 providing for an election and specifying the terms and conditions upon which it shall be held. That is sufficient to bring it within the exemption clause of the general highway statute.

It is also argued, as grounds for holding that this district does not fall within the exemption, that the time for property owners to present their petition is too short, being thirty days from and after the day the statute went into effect. We cannot say, as a matter of law, that the provision with respect to time is so unreasonable as to render the statute void. All persons are chargeable with constructive notice of the enactment of statutes, and we think that thirty days is sufficient opportunity for all interested persons to obtain actual knowledge of the enactment of the statute and the provisions thereof. It will be noted that this statute does not require that the election be held within thirty days, but merely that the petition for the election must be filed within that time.

There is also a question in the case as to whether or not there was such an issuance of bonds as would bring the case within the exemption contained in the general highway statute, but, as we have reached the conclusion that the exemption covers the case because of the provision for an election in the act of 1923, it is unnecessary to discuss the other question.

The chancery court reached the correct conclusion in holding that operations in this district were not suspended by the general highway statute, and dismissing appellant's complaint for want of equity, so the decree is affirmed.

HART, J., (dissenting). Judge WOOD and myself think that the construction placed by the majority upon § 25 of the act of the special session of 1923 providing for

a system of State highways is contrary to the plain import of the language used by the framers of the act.

Section 25 provides that the commissioners of any road improvement district created by a special act of the Legislature since the session of 1915, with certain exceptions, that have not let any construction contract, shall not proceed with the construction of the improvement unless a majority in number and in value of the land-owners in such district shall express, by their ballots, a desire that the construction of such improvement be proceeded with. The section provides that the election shall be held on a day designated by the commissioners, after two weeks' notice. A form of the notice of the election is given, and concludes with the following: "All owners in fee simple of real property within said improvement district will be entitled to vote at such election."

The section also provides that the commissioners shall supply each polling place with a list of the lands and the owners thereof in the district and the value of each tract, as shown by the assessment for State and county taxes then in force.

Another part of the section provides that, if a majority in number or value of the owners of lands voting at the election shall vote against the construction of the improvement, the commissioners shall take no further action toward the construction of the improvement. Other parts of the section contemplate that the commissioners shall hold the election and that all the landowners in the district shall be entitled to vote at it. The concluding part of the section is that it shall not apply to an improvement district where the act creating the improvement district provides for a petition by a majority of the property owners or an election to ascertain their will. When this proviso is construed in connection with the whole section, we think it means an election held by the commissioners of the district in the same manner as the election provided for in § 25 is held. It does not mean an election conditioned upon action

taken by the landowners. If such construction is to be placed upon it, it is obvious that the main purpose of the act will be defeated. In this way it would include districts where the provisions for an election contain conditions or limitations so burdensome to the landowners that the beneficial purpose intended by the section would be lost.

We do not think that the proviso of § 25 intended to exempt acts creating improvement districts where restrictions were placed upon the elections to be held. The provisions of the former acts with regard to the election provided in them must be as broad as the terms of § 25, providing an election thereunder, in order to save the acts from the provision of § 25 referred to.

In short, we think that the Legislature intended that an election should be held in all cases under the provisions of § 25, unless the special act creating the improvement district provided for an election in all essential respects similar to the one provided in § 25.

Therefore we respectfully dissent.