Skipper v. Dermott-Collins Road Improvement District.

Opinion delivered October 27, 1924.

1.  Highways—election. by landowners—exemption.—An election of "qualified electors" held under act 240 of Special Session of February, 1920, is not within the exemption in the general highway act (Acts Sp. Session of October, 1923, p. 11) providing that in all road districts created since 1915, where no construction work has been done or contract let or bonds issued, there shall be a reference to a vote of the owners in number or value of lands in the district, but exempting those districts where the act creating them provided for petitions or an election of a majority of the property owners, or where actual construction work has begun, or contracts been made or bonds sold.

2.  Highways—curative act.—Special Act of October 20, 1923, relating to elections concerning putting road improvement districts into operation, is retroactive only and validates only those districts wherein elections had theretofore been held during 1923.

3.  Highways—election of landowners.—Where no election of landowners in a district created by a special statute since 1915 was held as required by the general highway act (Acts Special Session of Oct. 1923, p. 11) the commissioners will be restrained from further proceeding under the former act.

Appeal from Chicot Chancery Court; E. G. Hammock, Chancellor; reversed.

Henry & Harris, for appellant.

The court was in error in holding that the election held under the provisions of § 36 of the act creating the road improvement district, which was held on December 31, 1923, was sufficient to exempt said act from the provisions of § 25 of the general highway

statute.. On the contrary, the act creating the district cannot become operative until an election has been held in accordance with the requirements of said § 25, which repealed and superseded § 36 of the special act. These cases on which the trial court based its decision, 161 Ark. 269, and 163 Ark. 607, are readily distinguished on the facts from this case, and furnish no proper basis for the court's holding.

*John Baxter* and *Williamson & Williamson,* for appellee.

1. The election provided for by § 36 of the act 240, creating the district, brings the district within the class of districts which are excepted from the provision of § 25 of the general highway law, known as the Harelson act, by the last paragraph of that section, and the election held rendered the law creating the district operative. 161 Ark. 269, 274; 163 Ark. 607, 613.

2. The issue raised in this case has been rendered academic by the act No. 28 of the extraordinary session of the General Assembly, approved October 20, 1923, § 1. This act does not limit its operation to cases where the elections had been held in 1923 prior to the passage of the act, as contended by the appellant in the lower court. There is no such limitation expressed or implied.

McCULLOCH, C. J. The road improvement district involved in this appeal was created by an act of the General Assembly at the extraordinary session held in February, 1920 (act No. 240, special session, Feb. 1920), and the statute creating the district contained a provision that it should not become effective "until the same has been approved by a majority of the qualified electors residing within the district, voting at a special election to be called by the chancery judge of the Second Chancery District of the State of Arkansas." There was also a provision in the same section of the statute in regard to giving notice and holding the election. An election, called by the chancellor of the district, was held, but it was premature, as decided by this court in litiga-

tion concerning the validity of the election. *Gaster* v. *Dermott-Collins Road Imp. Dist.*, 156 Ark. 507. Another election was held, pursuant to the above provision, on December 31, 1923, and the returns showed that a majority of the qualified electors voted in favor of the district.

Appellant is the owner of property in the district, and instituted this action in the chancery court to restrain the commissioners from further proceedings, on the ground that there had been no compliance with a section of the general highway statute (Acts Special Session, Oct. 1923, p. 11), which provides, in substance, that, in all road districts created by special statute since the year 1915, where no construction work has been done or contract let or bonds issued, there shall be a reference to a vote of the owners, in number or in value, of lands in the district, but contains an exemption from the operation of the statute, as follows:

"This section of this act shall not apply to improvement districts where the act creating the improvement district or amendments to it provides for petitions of any majority of property owners, or an election to ascertain their will, or to those districts where actual construction work has been begun or contracts therefor have been made, or bonds sold and delivered and are outstanding, before the passage of this act."

The question presented in this case is, whether or not the election provided for in the act creating the district here involved comes within the exemption specified in the general highway bill.

It will be observed that the act of 1920 creating the Dermott-Collins Road Improvement District provides for an election by "the qualified electors residing within the district," whereas the general highway bill exempts from its operation "improvement districts where the act creating the improvement district or amendments to it provides for petitions of any majority of property owners, or an election to ascertain their will." One statute provides for an election by the qualified electors,

and the other exempts only districts where the will of the property owners is to be ascertained.

In the case of *Rayder* v. *Highway District,* 161 Ark. 269, which is relied on by counsel for appellee, we held that, where the statute creating the district provided for an election by the resident property owners, it came within the exemption of the general highway bill. In *Bost* v. *Road Improvement District,* 163 Ark. 607, also relied on by counsel for appellee, the statute creating the district provided for an election by the owners of property in the district, upon petition of a certain number of owners of property, but there was no petition and no election, and we held that this came within the exemption contained in the general highway bill. Neither of those cases, however, reached to the question presented in the present case, for here we have a case where the statute creating the district makes no provision for an election by property owners. On the contrary, it provides for an election by the qualified electors of the district. It seems to us that, by no process of reasoning, can we stretch this language to necessarily embrace property owners or to limit it to property owners. We said in *Rayder* v. *Highway District,* *supra,* that the general highway bill did not undertake to specify the details of the election, but we did not mean to hold that an election merely by qualified electors of the district would take the place of the election provided for in the general highway bill.

In framing the highway bill the lawmakers were dealing with the subject of local improvements to be constructed at the expense of the owners of adjoining property, and, while they had the power to place any condition upon the operation of the statute that they saw fit, it is not conceivable that, in providing for a referendum, they meant to leave it to the vote of qualified electors and not to the owners of property. Qualified electors are not necessarily owners of real property, and such owners are not necessarily qualified electors, hence the lawmakers, in passing the statute and specify-

ing the exemptions in its terms, must have had in mind this distinction. *Hodges* v. *Board of Improvements,* 117 Ark. 266.

The statute creating the district not being within the exemption specified in the general highway bill, it was necessary, before proceeding further, to hold an election pursuant to the terms of the general highway bill.

It is also contended that the election was valid under a statute enacted at the extraordinary session and approved October 20, 1923, as follows:

"Section 1.    Wherever an election has been held during the year 1923 in pursuance of any statute in this State for the purpose of determining whether a road improvement district should be put into operation, and the majority of those voting at the election have voted in favor of the district, such district is hereby created and declared valid and effectual, and to have all the powers and be subject to all the liabilities of a district created under the law by which the district was created."

The language of this statute necessarily implies retroactive effect and not prospective operation. It cannot be construed to ratify an election to be held thereafter, and it was only intended to validate districts where elections had been theretofore held during the year 1923.

There having been no election as provided by statute, it follows that the chancery court erred in refusing to grant the relief asked for by appellant.

Reversed, and remanded with directions to overrule the demurrer to the complaint.