COOK, COMMISSIONER OF REVENUES *v.* ARKANSAS STATE RICE MILLING COMPANY.

4-8522            210 S. W. 2d 511

Opinion delivered April 26, 1948.

*Bruce T. Bullion,* for appellant.

*Rose, Dobyns, Meek & House,* for appellee.

HOLT, J. Appellee, Arkansas State Rice Milling Company, an Arkansas corporation, is engaged in the rice milling business in Carlisle. This action arose from a dispute as to the effective date of Act 135 of the 1947 Legislature and more particularly as to when it affects the income of appellee.

Appellee, in its complaint, alleged: "(2) The plaintiff has for many years filed its federal and state income tax returns on the basis of a fiscal year beginning on July 1 of each year, and ending on June 30 of the succeeding year. In accordance with said practice plaintiff filed in the office of the defendant, on or about November 15, 1946, its Arkansas income tax return for its fiscal year beginning on July 1, 1945, and ending on June 30, 1946. Upon said return the plaintiff computed its income tax liability in accordance with the applicable laws of the State of Arkansas, and at the time of filing said return it paid its Arkansas income tax in the amount of $5,568.10. In computing its net taxable income under the Arkansas income tax laws, plaintiff deducted from its gross income the sum of $118,120, which it had paid

to the United States of America in federal income taxes during the above fiscal year.

"3. The defendant (appellant) has served on the plaintiff (appellee) a 30-day notice of a proposed deficiency assessment in its state income tax liability for the fiscal year ending June 30, 1946, in the amount of $602.63. This proposed deficiency is asserted on the theory that under the provisions of Act 135 of 1947 Acts of Arkansas, the plaintiff was entitled to deduct the full amount of federal income taxes paid during the first six months only of its fiscal year, or, that it could deduct 100% of its federal income taxes paid for this fiscal year prior to January 1, 1946, but that for the remaining six months of said fiscal year, or from January 1, 1946, to July 1, 1946, the plaintiff was entitled to deduct only one-half of the amount of its federal income taxes paid.

"4. In computing this proposed deficiency tax, defendant allowed plaintiff a deduction of $94,014.95 in federal income taxes paid prior to January 1, 1946, which was the entire federal income tax liability of plaintiff for the period from July 1, 1945, to December 31, 1945, inclusive, but disallowed plaintiff the sum of $12,052.52, as a deduction for the period from January 1, 1946, to June 30, 1946, which amount represented one-half of plaintiff's federal income tax liability for this period. The plaintiff's income being within the 5% bracket under the Arkansas income tax laws, the defendant proposed a deficiency in the amount of $602.63, being 5% of said sum of $12,052.52. In accordance with the provisions of § 14055 of Pope's Digest of the Statutes of the State of Arkansas the plaintiff applied to the defendant for a revision of the proposed deficiency assessment. On August 5, 1947, the defendant notified the plaintiff of his determination that no revision in the proposed deficiency assessment would be allowed. Plaintiff offers to tender into the registry of this court the sum of $602.63 if the defendant demands that such payment into the registry of the court be made.

"5. Plaintiff states that it is entitled to deduct all federal income taxes paid by it during its fiscal year ending June 30, 1946, and that the assertion of such proposed deficiency against the plaintiff constitutes an illegal exaction under Article XVI, § 13, of the Arkansas Constitution."

It prayed that appellant be permanently enjoined from collecting the amount of the tax claimed.

The Commissioner of Revenues, appellant, demurred as follows: "The defendant admits all of the facts as set out by plaintiff in this cause, but specifically asserts that paragraph 5 of plaintiff's complaint is an erroneous conclusion of law and not an admitted fact; that the admitted facts of plaintiff's complaint do not constitute a cause of action and for this reason defendant demurs thereto."

The trial court overruled this demurrer, appellant refused to plead further, elected to stand on its demurrer, and from the decree granting the injunctive relief prayed is this appeal.

Excellent and exhaustive briefs have been presented by counsel.

The question presented is one of law and is clearly stated by appellant as follows: "May a taxpayer, whose 1945-1946 fiscal year ended on June 30, 1946, deduct one hundred (100%) percent. of his federal income taxes paid during that portion of their fiscal year beginning January 1, 1946, and ending June 30, 1946? Or, stated differently, was it the intention of the 1947 Legislature, in passing Act 135, to make the provisions of the Act apply to all persons alike as of one certain date, or did they intend that it should have different effective dates, depending upon the system of accounting utilized by the taxpayer?"

The answer turns on the construction of an amendment to Act 118 of the Legislature of 1929 by Act 135 of 1947.

Our income tax Act,. No. 118 of 1929, was amended by Act 135 of 1947, § 2, (Effective date March 3, 1947) to provide that a deduction of only 50% of federal income taxes "paid or accrued within any income year" might be deducted by the taxpayer in computing his taxable income to the State of Arkansas, and to provide further that "the provisions of this Act shall be applicable to incomes for the year 1946, calendar and fiscal, and for each income year thereafter (tax year 1947 and for each tax year thereafter, as the term 'tax year' is defined in Sub-section 11 of § 14025 of Pope's Digest of the Statutes of Arkansas)."

Sub-section 11 of § 14025 of Pope's Digest provides: "The word 'Tax Year' means the calendar year in which the tax is payable," and "the word 'fiscal year' means an income year, ending on the last day of any month other than December."

As indicated, appellee reported its income on a fiscal year basis beginning on July 1st and ending on June 30th of the succeeding year, and in the present case its income from July 1, 1945, to June 30, 1946, is involved. Appellee made this return on November 15, 1946, and paid in full the tax due the State at that time. When appellant recomputed appellee's tax he allowed appellee 100% credit, or deduction, for federal tax paid from July 1, 1945, to January 1, 1946, but only a 50% deduction of his federal tax paid from January 1, 1946, to July 1, 1946. When this tax was paid, the law as it then stood (Act 118, *supra*,) permitted appellee 100% deduction of its federal tax. The Legislature, however, on March 3, 1947, approved Act 135, *supra,* which contained a retroactive provision and which appellant argues permits the State to reopen appellee's return filed November 15, 1946, and assess an additional tax for the first six months of 1946.

The power of the Legislature to enact retroactive legislation is well established by our own decisions, and generally. However, the rule is also clear that when the lawmakers attempt to enact a retroactive income tax

law, as here, they must expressly so declare in the Act, or use such clear and unambiguous language that it must be held such was intended or implied.

A cardinal rule of statutory construction is as announced by this court in *Miller* v. *Wicher,* 160 Ark. 479, 254 S. W. 1063: "One of the well-known canons of construction is to construe a law so as to give some meaning to all its parts, if possible, provided the construction placed upon the law is not inconsistent with the language used therein. No part of the Act should be eliminated as conflicting with any other part therein if all the parts can be harmonized so as to reflect the true intent of the lawmaking body."

Just what did the lawmakers mean by "the provisions of this Act shall be applicable to incomes for the year 1946, calendar and fiscal"? From the definition of "fiscal year" above noted, there can be no fiscal year wholly within the year 1947. A fiscal year under our income tax law must begin in one year and end in the next succeeding year. It can never coincide with a calendar year. There can be no doubt as to the meaning of the phrase "calendar year 1946" for that is clearly defined by § 2 (11 and 12) of Act 118 of 1929 as that period, January 1, 1946, and ending December 31, 1946.

The parties in the present case appear to be in agreement that the provisions of Act 135, *supra,* apply to the income of calendar year taxpayers as of January 1. 1946, and to taxpayers operating on a fiscal year basis when their 1945-46 fiscal year begins after August 15, 1945.

Did the Legislature intend to refer to the calendar year and give no meaning to the "fiscal year," or did it mean a fiscal year beginning or ending in 1946? At most, the language used before the explanatory words in parenthesis, *supra,* is not free from uncertainty or doubt. The meaning of the words within the parenthesis is clear. This, however, refers to tax year of 1947,—which is the first year in which the tax must be paid on an income

earned in 1946, and also for each tax year thereafter,— and means that Act 135 of 1947 is to apply to income taxes payable in 1947 and each succeeding year.

In November, 1946, appellee, as indicated, paid the full tax due for the last six months of 1945 and the first six months of 1946. Here, we are primarily concerned with the applicable date of the deduction which appellee claims, rather than the extent of the deduction, and we hold that the operation and effect of Act 135, *supra,* in the present case, was not retroactive and therefore did not apply to appellee's fiscal year which ended June 30, 1946.

Had the lawmakers intended that Act 135 should be retroactive as to appellee's tax for the first six months of 1946, it could have plainly said so in language similar to that used in Act 118, as follows: ''Section 4. Such tax shall first be assessed, . . . and paid in the year 1929, and with respect to the net income received during the calendar year 1928; provided, when the taxpayer's income year ends on any date other than December 31, 1928, only that portion of such annual income shall be taxable under this Act as is applicable to the calendar year 1928.''

This language is clear and unambiguous.

In *Rhodes* v. *Cannon,* 112 Ark. 6, 164 S. W. 752, we find this language: ''In the case of *City R. Co.* v. *Citizens St. R. R. Co.,* 166 U. S. 557, 17 S. Ct. 653, 41 L. Ed. 1114, it was said: 'A statute should not be construed to act retrospectively or to affect contracts entered into prior to its passage unless its language be so clear as to admit of no other construction.' In the case of *Beavers* v. *Myar,* 68 Ark. 333, 58 S. W. 40, it was said: 'An act of the Legislature will not be construed to have a retrospective effect if susceptible of any other construction.' ''

In the recent case of *Hardin, Commissioner of Revenues* v. *Fort Smith Couch & Bedding Co.,* 202 Ark. 814, 152 S. W. 2d 1015, this court had for consideration an amendment to our income tax law which was uncertain

as to its effective date. The principles of law announced there apply with equal force here. It appeared that the Legislature in a 1941 Act had stated that the new Act should apply to the "income tax year of 1941," which could have meant either the income year, 1941, or the tax year, 1941. In resolving the doubt in favor of the taxpayer, we said: "There are two well settled rules for statutory construction in this state. One is that, 'It is presumed that all legislation is intended to act only prospectively, and all statutes are to be construed as having only a prospective operation unless the purpose and intention of the Legislature to give them a retroactive effect is expressly declared or necessarily implied from the language used.' (Citing cases.) In *Rhodes* v. *Canon*, 112 Ark. 6, 164 S. W. 752, the rule is thus stated: 'No statute will be given retroactive effect if it is susceptible of any other construction.' Now, to give this statute the construction contended for by appellant would be in the very teeth of this rule. There are no express words giving it a retroactive effect and we find no language in the emergency clause or elsewhere that necessarily so implies. At least we cannot say that the statute is not susceptible of any other construction. If the Legislature intended to make the Act retroactive so as to tax, with the new rates, 1940 income, it certainly did not choose definite language to express such intention. The second rule is well stated in *Wiseman* v. *Ark. Utilities Co.,* 191 Ark. 854, 88 S. W. 2d 81, by the late Judge Butler as follows: 'It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire Act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power.' "

We conclude, therefore, that the trial court correctly enjoined appellant from collecting the tax here involved, and the decree is accordingly affirmed.