The Honorable W.J. "Bill" Ramsey State Representative P.O. box 6 Prairie Grove, AR 72753
Dear Representative Ramsey:
This is in response to your request for an opinion regarding Act 873 of 1989 which is entitled, in part, "An Act to Amend the Salaries of the Municipal Court Personnel of the Various Municipal Courts of this State. . ." You note that the City of Prairie Grove is concerned about the provision making salary increases retroactive to January 1, 1989.
Section 2 of Act 873 states:
 Except as otherwise provided in any subsection of Section 1 hereof, the provisions of this act and the salaries prescribed herein shall be retroactive to January 1, 1989.
The General Assembly has clearly expressed its intent for the prescribed salaries to be retroactive, "[e]xcept as otherwise provided. . . ." Subsection (a)(82) of Section 1 of the act states: The Prairie Grove Municipal Court Judge shall receive an annual salary of not less than $20,000, nor more than $24,000 and the Court Clerk shall receive an annual salary of not less than $5,000 nor more than $15,000.
It is apparent that the legislature has not "otherwise provided" in connection with the intended retroactive nature of the Prairie Grove municipal judge's salary.
It must be initially recognized that, as stated by the Arkansas Supreme Court, "[c]ourts have consistently held that retroactive laws are invalid only if they impair the obligations of contracts or rights accruing thereunder, and, therefore, infringe on certain vested rights." Jones v. Cheney, 253 Ark. 926, 936, 489 S.W.2d 785
(1973) (citations omitted). It is significant to note in this regard that the municipal judge's salary is not a matter of contract. Rather, the General Assembly has, pursuant to the Arkansas Constitution, been granted the clear authority to ". . . determine the amount and method of payment of salaries and expenses of the judge of the . . . Municipal Courts of Arkansas." Const. Ark. Amend. 43 1.
The legislature has the power, generally, to enact retroactive legislation. Cook, Commissioner of Revenues v. Arkansas State Rice Milling Company, 213 Ark. 396, 400, 210 S.W.2d 511 (1948). The rule is also well settled that legislative enactments are presumed to be framed in accordance with the Constitution, and will not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. Buzbee v. Hutton, 186 Ark. 134,52 S.W.2d 647 (1932); Board of Trustees of the Municipal Judges and Clerk's Fund v. Beard, 273 Ark. 423, 620 S.W.2d 295
(1981). All doubt must be resolved in favor of constitutionality. Stone v. State, 254 Ark. 1011, 498 S.W.2d 634 (1973).
It is my opinion that Act 873 of 1989 must be accorded the presumption of constitutionality extended to all acts of the legislature.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.