McDANIEL, STATE TREASURER *v.* BYRKETT.

Opinion delivered October 11, 1915.

1. INHERITANCE TAX—NATURE OF.—The inheritance tax act, being Act 303, Acts 1909, is not a tax on the property of the estate of the deceased person, but is a tax laid upon the privilege or right of succession to that property.

2. REVENUE—INHERITANCE TAX ACT—CONSTRUCTION.—The inheritance tax act, providing for a special tax, is to be construed strictly against the government and favorably to the taxpayer.

3. DOWER—NATURE OF ESTATE—LIABILITY FOR INHERITANCE TAX.—The widow of a deceased person does not take dower as the heir of her husband or by virtue of the intestate laws, but the estate of dower is inimical to the claim of the heir and is carved out of the estate of the deceased in spite of and in derogation of the rights of the heir under the intestate laws, and the dower of a widow is, therefore, not subject to the inheritance tax assessed in Act 303, Acts 1909.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Wm. L. Moose,* Attorney General; *Jno. P. Streepey,* Assistant Attorney General, for appellant; *Harry L. Ponder,* of Counsel.

The dower interest is liable for the payment of an inheritance tax under our statutes. 59 L. R. A. 807; 33 L. R. A. (N. S.) 230.

While the authorities are divided, the better reasoning appears to be with appellant's contention.

*W. P. Smith, G. M. Gibson* and *Lester L. Gibson,* for appellee.

This is not a tax on property, but a tax on the right of succession thereto. 100 Ark. 175.

The widow's dower obtains by way of a lien created by and at the time of the marriage and is paramount to the rights of creditors and purchasers. 5 Ark. 608; 8 Ark. 9; 19 Ark. 440; 31 Ark. 576.

One who takes by the intestate laws of the State takes by virtue of the statutes of descent and distribution, and as an heir. The widow of a deceased person does not take the dower or homestead estate as his heir

or by virtue of the intestate laws. Both these estates are inimical to the claim of the heir. They are carved out of the estate in derogation of the rights of the heir, and are not liable for the payment of the inheritance tax. 108 Pac. 200, 29 L. R. A. (N. S.) 428; 118 La. 212, 42 So. 778; 42 Misc. 648, 87 N. Y. Supp. 731; 122 N. Y. Supp. 608; 34 Pa. 204; 11 Pa. Cty. Ct. 1; 39 Misc. 220, 79 N. Y. Supp. 382; 137 Am. Dec. 866, 122 N. Y. Supp. 584; 124 N. Y. Supp. 863; 137 S. W. 924, 34 L. R. A. (N. S.) 1161; 21 Idaho, 258; 121 Pac. 544, Am. Cas. 1913 D., p. 492.

Smith, J. This was a proceeding begun in the probate court of Lawrence County to collect the inheritance tax alleged to be due upon the dower interest of a widow in the estate of her deceased husband. A demurrer was sustained to a petition praying that this dower be appraised and taxed, both in the probate court and in the circuit court, and this appeal has been duly prosecuted from the order of the court below dismissing the petition.

The question presented for our decision is whether dower is taxable under the Inheritance Tax Act approved March 31, 1909, the same being Act No. 303 of the Acts of 1909.

Authority for the collection of this tax is said to be found in section 1 of the above mentioned act, which reads as follows:

"All property within the jurisdiction of this State, and any interest therein, whether belonging to inhabitants of this State or not, or whether tangible or intangible, which shall pass by will or by the intestate laws of this State, or by deed, grant, sale or gift made or intended to take effect in possession after the death of the grantor to any person or corporation in trust or otherwise, shall be liable to tax for the use of the State at the rate hereinafter specified."

(1-2) It is thoroughly well settled by the decisions of this court, and all other courts which have construed similar statutes, that this legislation is not a tax on the property of the estate of the deceased person, but is a tax laid upon the privilege or right of succession to that prop-

erty. *State* v. *Handlin*, 100 Ark. 179, and cases cited. And
the courts are likewise agreed that as this is a special tax
the laws imposing it are to be construed strictly against
the government and favorably to the taxpayer. *Crenshaw*
v. *Moore*, 137 S. W. (Tenn.) 924; *English* v. *Crenshaw*,
127 American State Reports, 1025.

The Supreme Court of Illinois in the case of *Billings*
v. *People*, 189 Ill. 472, 59 L. R. A. 807, held that the wife's
dower interest is taxable under the Inheritance Tax law
of that State, and this decision has been followed in subse-
quent decisions in that State.    But the opinion in the
Billings case, *supra*, set out the statute of that State upon
the subject of dower, from which it appears that the es-
tate of curtesy has been abolished in that State, and that
dower has been given alike to the husband and the wife,
each being given a certain fixed interest in the lands
of the other upon the death of either spouse. This estate
is called dower, but it is not the dower of the common law,
as the term "dower'" at common law relates exclusively
to the interest the widow had in the real estate of inheri-
tance, for it was out of that she was entitled to be en-
dowed of the specific thing. *Hill* v. *Mitchell*, 5 Ark. 608;
Encyclopedic Digest Ark. Reports, Vol 3, p. 620. In its
opinion in the Billings case, *supra, the* Supreme Court of
Illinois said:

"It is contended, however, that whatever the power
of the Legislature may be to control dower, or to impose
burdens upon it, the act imposing a tax upon inheritance,
when strictly construed, as it should be, does not include
dower, because, it is said, dower does not 'pass by the in-
testate laws of this State,' and the act does not, by any
necessary terms, include dower. There are no laws of this
State which are specifically designated as 'intestate laws,'
and we are called upon to determine what laws or system
of laws were referred to under that appellation by the
act in question.    The same term is employed in similar
statutes in other states, and we have no doubt the laws re-
ferred to are those laws of the State which govern the
devolution of estates of persons dying intestate, and in-

clude all applicable rules of the common law in force in this State. The statutes from which we have above quoted are intestate laws, and they govern, regulate, and control the interest which the widow, Augusta S. Billings, took in her husband's property at his death. As a general rule, the property of persons dying passes in two ways—that is, by will, or by descent in the modes provided by law; and when it does not pass by will it generally passes by law—that is, by the law governing the disposition of property of persons dying intestate.''

It must be conceded that this language is against the views which we herein express, but it will be observed that the dower statute therein referred to is treated as an intestate law, and this is not the view taken generally by the courts in construing dower statutes which are declaratory of the common law or amendatory of it.

The Supreme Court of California, in the case of *re Estate of Moffit*, 20 L. R. A. (N. S.) 207, 153 Cal. 359, held that the wife upon the death of the husband takes his half of the community property as heir within the meaning of a statute taxing all property which shall pass by the intestate laws from one who shall die seized or possessed of the same. This case is sharply criticized in the note to the case of *English* v. *Crenshaw*, 127 Am. St. Rep. 1063, and also by Ross in his work on Inheritance Taxation, at page 84.

In the later case of *Kohny* v. *Dunbar*, 29 Am. & Eng. Ann. Cases 492, 21 Idaho 259, the Supreme Court of Idaho expressly refused to follow the decision of the California court. The Supreme Court of Louisiana in the earlier case of *re Marsal Succession*, 42 Sou. 778, having already taken a contrary view.

Except in the states of Illinois and California the courts which have construed the Inheritance Tax laws of the respective states have held that the dower interest of the widow does not pass under the intestate laws. The language of the various statutes is almost identical with the statute of this state insofar as they relate to the question under consideration.

In the later case of *re Estate of Kennedy,* 108 Pac. 280, 29 L. R. A. (N. S.) 428, the Supreme Court of California held (to quote the syllabus of that case) that "The statutory homestead and allowance set apart by the court to the family of a decedent, pending administration of his estate, are not within the provisions of a statute providing for a succession tax on property which shall pass by will or by the intestate laws of the State, and it is immaterial that had the property not been so set apart it would have passed to the widow under the will."

A leading and well considered case on this subject is that of *Crenshaw* v. *Moore, supra,* in which the Supreme Court of Tennessee construed a statute of that State identical with our own in the employment of the phrase "intestate laws of this State." It was there said:

"Nor do we think that the widow's dower is subject to this tax. By the common law, if the husband acquire an estate, which is subject to descend to his heirs, the wife, at the same time the husband acquires his title, has vested in her the right of dower; and although the husband aliened the estate, the wife's dower would attach. By the acts of 1784 and 1823, carried into Shannon's Code at section 4139, the widow is dowable in one-third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner. In all other respects, the widow's right of dower in this State is the same as it was at common law. It has the same qualities as the common law right of dower, but its quantity was cut down by the statutes referred to. This right originates with the marriage. It is an encumbrance upon the title of the heir at law, and is superior to the claims of the husband's creditors. Its origin is so ancient that neither Coke nor Blackstone can trace it, and it is as 'widespread as the Christian religion, and enters into the contract of marriage among all Christians.' * * *

"So, it is seen that, whether it be considered that the widow holds her dower in the nature of a purchaser from her husband by virtue of the marriage contract, or whether it be merely a provision of the law made for her

benefit, it can not be considered that her right is in succession to that of her husband upon his death, or that the husband bestows it upon her in contemplation of death. While it is true that her right of dower is not consummated until the death of the husband, and that it is carved out of only such realty as he owned at his death, it does not follow from this premise that the widow succeeds to his title by the intestate laws. She derives it by virtue of the marriage, and in her right as wife, to be consummated in severalty to her upon the death of her husband. *Boyer* v. *Boyer,* 1 Coldw. 14.''

Other cases on this subject are those of *in re Rieman,* 87 N. Y. Supp. 731; *in re Weiler,* 122 N. Y. Supp. 608; *in re Page Estate,* 79 N. Y. Supp. 382.

In the case of *in re Page's Estate, supra,* the court said:

''The term 'intestate laws' is intended to cover the statutes of descents, which relates to the descent of real estate, and the statute of distributions, which provides for the distribution of the surplus of the personal property of a decedent after the payment of his debts and legacies, if he left a will, and after the setting apart to the widow and minor children of the exemptions specified in section 2713.''

And in the case of *In re Rieman's Estate, supra,* it was said:

''A dower right is an interest in real estate not subject to a tax or to the testator's disposition and is, therefore, not a transfer of or a succession to property of her husband. It is property which exists inchoately during her husband's life time, and passes to the widow regardless of the laws governing the disposition of property of a decedent by will or under the laws applicable to intestacy.''

Blakemore and Bancroft, in their work on Inheritance Taxes, state the law, at page 95 of their treatise, as follows:

''Probably in most states dower or curtesy rights do not fall within the class of interests under the intestate

laws subject to tax, although when dower is released and the property so released passed to taxable beneficiaries the tax must be imposed on that property.''

To the same effect see Dos Passos on Inheritance Tax Laws, section 38, and Ross on Inheritance Taxation, section 56. In the last mentioned text at the section cited it is said:

"It is true that dower had its origin and continuance by force of the law and depends upon the husband's death for its consummation. But it is quite another thing to suppose that the estate is dependent upon the law of succession or owes its existence to any such transfer as the inheritance tax statutes contemplate. Dower comes to a wife by virtue of the marriage and death of the husband serves only to consummate, not to transmit, it. The law that confers dower on the widow is not the law that appoints the inheritable property of a decedent to designated heirs.''

In this State the subject of dower has always constituted one chapter in the digest of the statutes, while the subject of descents and distribution has been covered by a separate chapter. It is true that the chapter on descents and distributions does contain a section showing what interests the wife would take under the conditions there named, but that interest is not dower nor is it intended in lieu of dower.

In the case of *Barton* v. *Wilson,* 116 Ark. 400, 172 S. W. 1032, we had occasion to construe section 2709 of Kirby's Digest. This section defines the widow's dower in the estate of a husband who is survived by no children. It was there contended that the widow took as heir of her husband, but after reviewing and citing various authorities we quoted with approval from the case of *Golder* v. *Golder,* 95 Maine 259, 49 Atl. 1050, the following language:

"The Supreme Court of Maine, in construing a similar statute, says: 'The statute does not change the status of the widow with reference to her deceased husband's estate. It enlarges her interest by giving her an estate

in fee instead of an estate for life. She still takes, not as heir, but as widow.' "

The act under consideration provides for the payment of certain taxes by the wife, but that provision, of course, applies only to property which she acquires in a manner to make it taxable.

(3) We conclude, therefore, that the widow of a deceased person does not take dower as the heir of her husband, or by virtue of the intestate laws, but that this estate is inimical to the claim of the heir and is carved out of the estate of the deceased in spite of, and in derogation to, the rights of the heir under the intestate laws, and the judgment of the court below will, therefore, be affirmed.