WISEMAN *v.* ARKANSAS UTILITIES COMPANY.

4-4063

Opinion delivered December 2, 1935.

*Millard Alford* and *Thomas Fitzhugh,* for appellant.
*Bevens & Mundt,* for appellees.

BUTLER, J. This appeal is from a judgment overruling a demurrer of the appellant filed to appellees' complaint, by which it was sought to restrain the appellant from collecting a sales tax on its product, and, the appellant having elected to stand on its demurrer, the appeal is also from the decree adjudging to the appellees the relief prayed.

Appellee Arkansas Utilities Company is a manufacturer of artificial gas at Helena, Arkansas, which it distributes to over six hundred consumers. The gas is manufactured from coke, oil and steam, nothing else being used in its manufacture. Appellant contends that appellee is liable to the payment of a sales tax under the general provision of act 233 of the Acts of 1935 contained in paragraph A of § 4, providing: "The tax imposed by this section shall apply to (a) All sales at retail of tangible personal property," and in paragraph B of § 4, providing: "That the tax applies to 'all retail sales at or by restaurants, cafes, cafeterias, hotels, dining cars,

auctioneers, photostat and blue-print sales, funeral directors, and all other establishments of whatever nature or character selling for a consideration any property, thing, commodity, and/or substance'." Reliance is also placed upon paragraph C of § 3 defining the term "business," and paragraph B of the same section defining the term "sale at retail." The argument is made that as artificial gas is tangible personal property (36 C. J. 737) it comes within the meaning of paragraph A of § 4, and paragraph B of § 3, and, as it is a commodity or substance, it comes within the meaning of paragraph B of § 4.

It is the contention of appellee that paragraph D of § 4 relates to and mentions the specific items of the nature of the article manufactured and sold by it upon which consumers are required to pay a sales tax, and that this provision controls other more general provisions. That paragraph is as follows: "All retail sales of electric power and light, natural gas, water, telephone use and messages and telegrams." It is argued that since manufactured gas is not referred to in the paragraph quoted, the general provisions would not authorize the collection of a tax upon its sale. We agree with the appellee in this contention and conclude that the decree of the court below was properly rendered. Natural gas possesses many of the properties of the manufactured article, but is different in origin, and manufactured gas would not come within the definition of the former. *Osborn* v. *Arkansas, etc., Co.,* 103 Ark. 175, 146 S. W. 122. The only authority therefore for the tax sought to be imposed would be the general provisions. Paragraph D, quoted above, contains the definite expression of the legislative intention with respect to the item of the nature of appellee's product, and controls the general expression in the act. It is well settled that where there is, in the same statute, a particular, and also a general enactment, the latter including what is embraced in the former, the particular enactment is operative, and the general enactment must be taken to effect only that which, within its general language, is not within the provisions of the particular enactment. *Hodges* v. *Dawdy,* 104 Ark. 583,

149 S. W. 656; *U. S.* v. *Chase,* 135 U. S. 255; 25 R. C. L., 1010 and 1011.

It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power. *McDaniel* v. *Byrkett,* 120 Ark. 295, 179 S. W. 491; U. S. Merriam, 263 U. S. 179; 59 C. J., 1131. This rule fortifies the appellee in its contention, and, regardless of whether manufactured gas was omitted by accident or design, the fact remains that under any construction of the act it is doubtful whether the tax was intended to be imposed, and, with this doubt resolved in favor of the taxpayer, the decree of the trial court must be affirmed. It is so ordered.