U-Drive-'Em Service Company, Inc., v. Hardin, Commissioner of Revenues.

4-7049                                        169 S. W. 2d 584

Opinion delivered March 15, 1943.

*E. R. Parham,* for appellant.

*O. T. Ward,* for appellee.

McHANEY, J. Appellant operates an automobile rental business in the city of Little Rock, wherein automobiles are rented to users without drivers, and about 95 per cent. or more of such rentals are for short periods of time—a few hours. Under such rental agreements appellant reserves the right to terminate the rental and retake the automobile at any time, with or without reason, and the renter acquires no title to or interest in the property or right to its continued use for any period.

On August 14, 1942, appellee, as Commissioner of Revenues, ordered an assessment of $968.06 as sales tax

against appellant, based on moneys received by it in its operations for the period of July 1, 1941, to and including the month of May, 1942, plus a penalty of 10 per cent., the total of which was to bear interest at the rate of one-half of one per cent. per month, and directed the filing of a certificate of indebtedness with the clerk of the circuit court of Pulaski county to this effect. This action was taken pursuant to the provisions of act 386 of 1941, p. 1056, as construed by the commissioner, and after notice and a hearing.

An appeal from this action of the commissioner was taken by appellant to the Pulaski chancery court, pursuant to the provisions of § 10 of said act, where a trial *de novo* was had on the assessment and proceedings had before the commissioner and the answer of appellant which denied that its operations were subject to the tax under said act. The facts, some of which are stated above were stipulated, and others were that the rental agreement was in writing; that it provided that appellant should have the right to recover the vehicle in any manner which was held over the estimated time limit therein; that the anticipated user of the vehicle was a licensed driver of legal age; that it would not be used for any illegal purpose; that it should not be driven out of Pulaski county and returned to its place of business within the time stated in the agreement. Appellant specifically reserved the right to take possession of the car at any time and the customer waived claim for damages in the event a warrant of arrest was procured for holding the car for more than 24 hours.

Trial resulted in a decree against appellant in the sum above named, together with penalty and interest as stated. This appeal followed.

"The Arkansas Gross Receipts Act of 1941," so designated by § 1 of said act 386, is still a sales tax act, even though its authors gave it the above short title. Its title provides that it is an act for the raising of revenue for the common schools and for a number of other purposes "by prescribing and levying specific taxes upon gross receipts derived from all sales to any person subse-

quent to the effective date of this act, of the following:''
Then follows an enumerated list of things taxable, none
of which specifically include appellant's transactions.
Section 2 of said act is the definitive section and sub-
section (c) thereof defines the word ''sale'' as used in
the act as follows: ''The term 'sale' is hereby declared to
mean the transfer of either the title or possession for a
valuable consideration of tangible personal property, re-
gardless of the manner, method, instrumentality, or
device by which such transfer is accomplished. The term
'sale' is also declared to include the exchange, barter,
lease or rental of tangible personal property where such
exchange, barter, lease or rental results or may result
in either the transfer of the title or the possession. The
term 'sale' shall include also the sale, giving away, ex-
changing or other disposition of admission, dues or fees
to clubs, to places of amusement, recreational, or athletic
events, or for the privilege of having access to or the use
of amusement, recreational, athletic or entertainment
facilities. The term 'sale' shall not include the furnish-
ing or rendering of service or services, except as is herein
otherwise provided.''

The commissioner and the trial court held appellant
liable for the tax on the language of the second sentence
in the above quoted subsection (c) providing that: ''The
term 'sale' is also declared to include the . . . lease
or rental of tangible personal property where such
. . . lease or rental results or may result in either the
transfer of the title or the possession.''

We think both the commissioner and the trial court
fell into error in so holding and in so applying this pro-
vision of the statute to the facts in this case. A lease or
rental of tangible personal property is not taxable under
the express provision of the act, unless the result is or
may be either the transfer of the title to such property
or the transfer of the possession of such property. Now,
it is undisputed that appellant, under its agreement with
its customers does not transfer the title to its cars to
them, even temporarily, and it is not here contended that
it does, but only that there is a transfer of the ''posses-

sion." So, it narrows down to the proposition of whether the arrangement of appellant with its customers amounts to a "transfer of the . . . possession," within the meaning of the act. We do not think so. Appellant never parts with the whole possession of its cars by this arrangement. It is always the owner and is in either the actual or the constructive possession of them. The lessee or rentee of them contracts in writing that appellant may take the actual physical possession or custody of them from him at any time, with or without reason. The rentee simply has the temporary custody of the car and is a mere temporary bailee. We think the transfer of possession, as used in the act, means a transfer that in effect amounts to a sale. The Legislature intended to tax sales under whatever disguises they might masquerade. For instance, road machinery is frequently sold to counties under the guise of a rental contract, with an annual rental reserved sufficient to pay for the machine during its usable life. In such a case, the act levies the tax on the transaction the same as it would if, in fact, it were a sale with the title retained. Undoubtedly this is the kind or character of possession referred to in the act—the permanent possession carrying the whole possession, both actual and constructive, and not the temporary possession such as we have here where the whole possession is not yielded.

Another sentence in that subsection provides: "The term 'sale' shall not include the furnishing or rendering of service or services, except as otherwise provided." The exceptions otherwise provided are listed in § 3, subsections (b), (c), (d) and (e) as gas, electricity, etc. The business of appellant might be classified as rendering a service which is not a sale.

Appellee calls our attention to the rulings of commissioners of other states construing similar provisions of their sales tax statutes, and the opinions of the Attorneys General of those states supporting the rulings. The opinion of the Attorney General of Colorado thereon is quoted as illustrative of the others, as follows: "Pianos, musical instruments, accounting machines, typewriters,

office equipment, automobiles, tires, accessories, machinery, equipment and Neon signs are frequently *sold* on a lease or rental basis.

"In the case of rentals of Neon signs, automobiles, trucks and some other articles, the contracts commonly provide that the lessor shall keep the leased property in good repair or service the property. In such cases the tax is based on the total rentals paid. Services performed on the leased property which are not included in the contract of lease or rental are not subject to the sales tax.

"Any rental which is taxable as a sale will not be exempted merely because it covers an article of a certain type, rather than a specific article, or permits substitution of a like article for a specific article leased."

We agree with the conclusions reached by the Attorney General, wherever it can be said there is a sale on a lease or rental basis, but it must have some of the characteristics of a sale and not be a lease or rental in fact. He so holds because he says the articles mentioned "are frequently sold on a lease or rental basis." Here there is no sale, no exclusive possession, no possession at all except temporarily which is not exclusive, and the transaction does not bear any of the earmarks of a subterfuge to cover up a sale. The transaction, therefore, is not taxable as such. As said by the late Judge Butler, in *Wiseman* v. *Ark. Utilities Co.*, 191 Ark. 854, 88 S. W. 2d 81, "It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power."

Applying this well settled rule to the facts in this case, we cannot sustain the rule of the commissioner or the tax levied against appellant.

The decree is accordingly reversed, and the cause remanded with directions to cancel the tax and to so certify to the commissioner.