Cook, Commissioner of Revenues *v.* Ayers.

4-8663                                        215 S. W. 2d 705

Opinion delivered December 20, 1948.

*Bruce T. Bullion,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

Minor W. Millwee, Justice. Appellees, W. J. Ayers and Miss B. G. Fuller, filed separate suits in chancery court in August, 1945, to enjoin appellant, Commissioner of Revenues of Arkansas, from collecting state income taxes, penalties and interest which the commissioner assessed against them for the years 1941, 1942 and 1943. Appellees alleged they were residents and citizens of the State of Tennessee and had never resided in this state; that they did not own property in Arkansas, and did not derive any income from property owned or from any business, trade or occupation carried on by them in Arkansas during any of the years in question; and that the demands of appellant constituted an illegal exaction.

The answers of appellant admitted that he had demanded the assessments as calculated and set out in the complaints, but denied all other material allegations therein. By agreement of the parties the cases were consolidated and heard by the chancellor upon the pleadings and stipulations which reflect the following facts:

The Standard Ice Company is a corporation organized under the laws of Delaware with its executive and principal business offices in Memphis, Tennessee. The corporation owns and operates ice manufacturing plants in several towns and cities in Arkansas. Except for the maintenance of a corporate office in Delaware and its principal offices in Memphis, the corporation conducts its business wholly within this state and pays income taxes to the state on revenues derived from such plants.

Appellees Ayers and Fuller are president and secretary-treasurer, respectively, of the corporation. Both are residents of Memphis, Tennessee, where their offices are maintained. Miss Fuller performs all her duties as secretary-treasurer of the corporation in Memphis and receives no income other than her salary from the corporation. The duties of Mr. Ayers as president require him to spend an average of six days per month in this state in supervising operation of the plants of the corporation. He also owns and manages other business interests in Memphis, Tennessee, and the remainder of his time is spent in that city and is divided equally between the supervision and operation of these business interests and his duties as president of the Standard Ice Company. His salary as president of the ice company is approximately equal to the compensation received by him from other business interests in Memphis. The Standard Ice Company in making its report to Arkansas for income tax purposes includes the salaries paid appellees in its deductions for ordinary business expenses of the corporation.

The trial court held that the salaries of appellees as officers and employees of the Standard Ice Company were not taxable under the provisions of our income tax statute (Act 118 of 1929) and separate decrees were entered enjoining the Commissioner of Revenues from

enforcing his demands against appellees for income taxes for the years in question.

For reversal of the decrees, appellant contends that the salaries received by appellees from the Standard Ice Company are taxable under the provisions of Art. II, § 3 (c) of Act 118, of 1929 (§ 14026, Pope's Digest), which reads as follows: *"On Income of Arkansas property of Non-residents.*—A like tax is hereby imposed and shall be assessed, levied, collected, and paid, annually, at the rates specified in this section upon and with respect to the entire net income as herein defined, except as hereinafter provided; from all property owned, and from every business, trade or occupation carried on in this state by individuals, corporations, partnership, trusts or estates, not residents of the State of Arkansas."

The major portion of appellant's excellent brief is devoted to the proposition that this state has income tax jurisdiction over all incomes derived from Arkansas sources and, therefore, has the power to levy and collect an income tax against appellees. Most of the cases cited hold that a state has the power to impose an annual tax upon the net income derived by non-residents from property owned by them within the taxing state and from any business, trade or occupation carried on by them within its borders. None of the cases involves the exact question of the power of the state to impose an income tax upon salaries of non-resident employees and officers of a foreign corporation doing business in the taxing state.

Before we determine the power of the Legislature to make the proposed levy against appellees, it should first be ascertained whether the section above relied upon actually authorizes the taxes sought to be imposed here. The applicable rule of construction in determining this question is stated by Justice BUTLER in *Wiseman* v. *Arkansas Utilities Company,* 191 Ark. 854, 88 S. W. 2d 81, as follows: "It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the

taxpayer and against 'the taxing power. *McDaniel* v. *Byrkett,* 120 Ark. 295, 179 S. W. 491; *U. S.* v. *Merriam,* 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; 59 C. J., 1131.'' Some of the later cases invoking the rule are, *Hardin* v. *Fort Smith Couch & Bedding Co.,* 202 Ark. 814, 152 S. W. 1015; *U-Drive-'Em Service Co.* v. *Hardin,* 205 Ark. 501, 169 S. W. 2d 584; *McLeod, Commissioner of Revenues* v. *The Commercial National Bank, Executor,* 206 Ark. 1086, 178 S. W. 2d 496; *Moses, Executor,* v. *Mc-Leod, Commissioner of Revenues,* 207 Ark. 252, 180 S. W. 2d 210.

It is clear that the above section provides for the imposition of the tax against the Standard Ice Company which owns the Arkansas plants and carries on the business of manufacturing and distributing ice in this state. Appellees do not own property in this state nor is it shown that they have any interest in the Standard Ice Company except as officers and employees. Appellee Fuller never enters Arkansas in connection with her duties for the corporation. While Ayers spends an average of six days per month here on trips incidental to his employment as president and business manager, the section relied upon makes no provision for the assessment of a tax upon that portion of his salary or net income earned in Arkansas. If the section be construed as applicable to Ayers on the theory that he carries on an occupation in Arkansas six days out of each month, then there is no method provided for allocating that portion of his income taxable by Arkansas. We conclude that the language of § 3 (c), *supra,* is at least doubtful and ambiguous insofar as its applicability relates to appellees, and that there is lacking that clear expression of legislative purpose essential to imposition of the tax against them. ,We reach this conclusion without consideration of amendatory Act 135 of 1947, which was not in effect during the tax years involved here.

Appellant argues that an unhappy condition may arise whereby a corporation doing business exclusively in Arkansas, with all its stock owned by non-resident officers, may evade all Arkansas income taxes by the simple expedient of such officers voting salaries for

themselves equivalent to the earnings of the corporation. There is no suggestion that such situation exists in the instant case. Neither the amount of the earnings, nor taxes paid, by the ice company nor the amount of corporate stock, if any, owned by appellees is shown here.

Since we conclude that § 3 (c), *supra,* does not authorize the assessments sought to be collected from appellees, it is unnecessary to determine the power of the Legislature to impose such tax.

Affirmed.