MORLEY, COMMISSIONER OF REVENUES *v.* PITTS.

4-9263                               233 S. W. 2d 539

Opinion delivered October 23, 1950.

Rehearing denied November 13, 1950.

*O. T. Ward* and *H. Maurice Mitchell,* for appellant.

*Barrett, Wheatley & Smith,* for appellee.

ED. F. McFADDIN, Justice. This appeal necessitates a consideration of a portion of the Arkansas income tax law (§ 84-2001 *et seq.,* Ark. Stats.).

Appellee, at all times a citizen and resident of Craighead County, Arkansas, in 1943, 1944 and 1945 engaged in the business of drilling some wells for oil in the State of Illinois. The wells were "dry holes"; and appellee claimed, as deductible from his Arkansas State income, the amount expended for such drilling. Appellant, as Commissioner of Revenue of Arkansas, denied that the items were deductible; and this appeal challenges the correctness of the Chancery Court decree which allowed the deductions.

We affirm the Chancery decree. Section 84-2016, Ark. Stats. 1947, contains ten paragraphs, each listing items that may be deducted in computing the net income of a taxpayer. These are contained in lettered paragraphs (a) to (j) inclusive. Paragraph (a) allows as deductions "All the ordinary and necessary expenses paid during the income year in carrying on any trade or business, . . . " Paragraph (d) lists, as items for deduction, "Losses sustained during the income year and not compensated for by insurance or otherwise, if in-

curred in trade or business and such losses incurred in any transaction entered into for profit, though not connected with the trade or business, . . . '' The appellee incurred such expenses in drilling for oil, and is entitled to claim them as deductible items under one or the other of the foregoing sections. Our State Statute allowing these deductions is so clear that cases decided under the Federal Statute are inapplicable.

Appellant urges that Act 162 of 1943,[1] in relieving an Arkansas resident from paying taxes on income received from outside the State, necessarily implies that deductions are not to be allowed on losses incurred in business ventures engaged in outside the State. One sufficient answer to the appellee's contention—as applied to the facts in the case at bar, rather than to some supposititious case—is that Act 162 does not mention or attempt to change the Statute regarding deductible items. It is concerned with income and not with deductions. The purpose of the Act, as stated in the caption,[2] was to protect an Arkansas resident from double payment of income tax.

The appellant in the case at bar is seeking by implication to use Act 162 to prevent the taxpayer from claiming items deductible under § 84-2016, Ark. Stats. 1947. Tax acts are to be construed in favor of the taxpayer; and matters not appearing in a taxing Statute are not to be read into it when such result is adverse to the taxpayer through implication. Our cases recognizing and declaring this salutary interpretation of the law are legion.

[1] This Act is captioned "AN ACT to Prevent Double State Income Taxation of Individual Residents of Arkansas." Section 1 of the Act provides that when the gross income of an Arkansas resident includes income derived from property outside the State or business transacted outside the State, the Arkansas tax shall be first computed as if all the income were derived from inside the State; and then a credit shall be given for the amount of income tax owed by the Arkansas resident to the State or Territory from which such income has been received by the taxpayer.

Section 2 provides that no income arising from use, production, or sale of real estate situated in another State shall be included in the gross or net income of a resident of Arkansas.

[2] While a Caption, or Title, is not a part of an Act, yet, when it expresses the Legislative intent implicit in the text, it may be referred to in connection with the overall purpose of the Act. *Pruitt* v. *Sebastian County Coal & Mining Co.*, 215 Ark. 673, 222 S. W. 2d 50.

A few of them are: *Fort Smith Gas Co.* v. *Wiseman,* 189 Ark. 675, 74 S. W. 2d 789; *Wiseman* v. *Arkansas Utilities Company,* 191 Ark. 854, 88 S. W. 2d 81; *Hardin* v. *Fort Smith Couch & Bedding Co.,* 202 Ark. 814, 152 S. W. 2d 1015; *U-Drive-'Em Service Company, Inc.* v. *Hardin,* 205 Ark. 501, 169 S. W. 2d 584; *McCain* v. *Crossett Lumber Company,* 206 Ark. 51, 174 S. W. 2d 114; *McLeod* v. *Kansas City Southern Railway Co.,* 206 Ark. 281, 175 S. W. 2d 391; *McLeod* v. *Commercial National Bank,* 206 Ark. 1086, 178 S. W. 2d 496; *Moses* v. *McLeod,* 207 Ark. 252, 180 S. W. 2d 110; *City of Little Rock* v. *Ark. Corporation Commission,* 209 Ark. 18, 189 S. W. 2d 382; and *Cook* v. *Ark.-Mo. Power Corp.,* 209 Ark. 750, 192 S. W. 2d 210.

The decree of the Chancery Court is in all things affirmed.

Justices GEORGE ROSE SMITH and DUNAWAY dissent.

GEORGE ROSE SMITH, J. (dissenting). It seems to me that the majority have misconceived the implications of Act 162 of 1943, which provides that no income which arises from the use, production or sale of real estate situated in any other State shall be included in the gross or net income of a resident of Arkansas. Of course the purpose of this provision is to avoid double taxation, since such income is ordinarily taxed by the State in which the land is situated.

If the appellee's oil wells in Illinois had been productive the resulting income would have been exempt from Arkansas taxation by reason of the 1943 statute. In that case it seems clear that whatever expenses the taxpayer incurred in obtaining the production of oil would not be deductible on his Arkansas return, since it would be patently absurd to exempt the income and yet allow the expenses to be deducted from non-exempt income. This is the uniform holding elsewhere even when the statute, like ours, does not contain an express provision prohibiting the deduction of expenses incurred in earning tax-exempt income. *Lewis* v. *Com'r of Internal Revenue,* 3d Cir., 47 Fed. 2d 32; *W. H. Williams Co., Inc.* v. *Cocreham,* 214 La. 520, 38 So. 2d 157. The exception is necessarily read into the law to carry out the legislative intention.

In the present case the only difference is that the taxpayer's efforts to obtain exempt income were unsuccessful. Of course, as the majority point out, there is no express provision in our law prohibiting the deduction of these expenses, but the same argument could be made if the Illinois venture had succeeded. Or what if one well had been productive and a second had not been? Would the expense of drilling the second be offset against taxable income earned in Arkansas, even though the net result of the Illinois operations showed a profit? These and like questions are certain to arise, and I hardly think that the majority opinion will aid our revenue department in arriving at an answer. The only way to avoid such illogical situations is to adopt a uniform rule that expenses incurred in an effort to earn exempt income are not deductible from other income, whether the effort succeeds or fails. Such a rule necessarily follows from the fact that operations intended to result in exempt income are simply not within the purview of our income tax laws.

DUNAWAY, J., joins in this dissent.