SCURLOCK, COMMISSIONER OF REVENUES *v.* CITY OF SPRINGDALE.

5-551                                                    273 S. W. 2d 551

Opinion delivered December 20, 1954.

*Ulys A. Lovell,* for appellee.

*O. T. Ward,* for appellant.

WARD, J. The question presented on this appeal is: Does the Arkansas Compensation Tax Act, Act 487 of 1949, which imposes a two (2%) per cent tax [commonly called "Use Tax"] on merchandise bought from without and used within the State of Arkansas, apply to such purchases made by a municipal corporation?

The City of Springdale, a city of the first class, during the years 1950, 1951 and 1952 purchased from with-

out the State certain articles such as concrete pipe, fire hose and equipment, janitor supplies, etc., amounting to $35,246.57. The Revenue Department of the State of Arkansas required the City of Springdale to pay the two (2%) per cent Use Tax on the above purchases, the tax amounting to $704.93. This payment was made under protest, as provided for in said Act, and this suit was instituted in the Circuit Court of Pulaski County by the City against the Revenue Commissioner to recover the amount of tax so paid.

The cause was submitted to the trial judge, sitting as a jury, upon the pleadings and admissions of facts, and judgment was rendered in favor of the City. The question presented to us on this appeal is purely one of law.

It is our conclusion that the 1949 Compensation Tax Act referred to above does not apply to purchases made by the City of Springdale. The pertinent language which imposed the tax is found in § 5(a) of said Act, being Ark. Stats., § 84-3105, and reads as follows:

"There is hereby levied and there shall be collected from every *person* in this State a tax or excise for the privilege of storing, using or consuming, within the State, any article of tangible personal property, after the passage and approval of this Act, purchased for storage, use or consumption in this State at the rate of two (2%) per cent of the sales price of such property." (Emphasis ours.)

Specifically we are called on to decide if the word "person" emphasized above includes municipal corporations. Section 4 of the Act defines the meaning of numerous words and phrases found in the Act, and subsection (h) thereof, being Ark. Stats., § 84-3104(h), defines the word "person" in this language:

"The term 'person' means and includes *any* individual, company, firm, partnership, co-partnership, joint adventure, joint agreement, association (mutual or otherwise), *corporation,* estate, trust, business trust, receiver, trustee, syndicate, agency, subsidiary, dealer, distributor, consignor, supervisor, principal, employer, or any

other group or combination acting as a unit, and the plural as well as the singular number.'' (Emphasis ours.)

It is the contention of appellant that the word ''corporation,'' emphasized above, means or include a municipal corporation, and that therefore the effect of Ark. Stats., § 84-3105 and § 84-3104(h) is to impose the Use Tax on municipalities.

It is true that if we were not here considering a tax act it could be said with reason that the words ''any . . . corporation'' used in Ark. Stats., § 84-3104(h), copied above, indicate an intention on the part of the legislature to impose the tax on municipal corporations. The word ''corporation'' could be interpreted to include a municipal corporation. It is common knowledge that there are many different kinds of corporations such as private, public and beneficent, and a municipality may sometime be referred to as a municipal corporation. However, there are other matters, set out hereafter, which must be taken into consideration, and which lead us to disagree with appellant's contention herein.

■ Act 487 of 1949, which imposes a tax on the use of personal property, was passed to complement or compensate [as the title implies] for certain limitations in Act 386 of 1941, entitled The Arkansas Gross Receipt Act and commonly referred to as the Sales Tax Act. Section 2(a) of said Act 386, being Ark. Stats., § 84-1902(a), defines the meaning of the word ''person'' as follows:

''The term 'person' includes *any* individual, company, partnership, joint venture, and joint agreement, association (mutual or otherwise), *corporation,* estate, trust, business trust, receiver, or trustee appointed by any State or Federal Court or otherwise, syndicate, this State, any county, *city, municipality,* school district, or any other political subdivision of the State or group or combination acting as a unit, in the plural or singular number.'' (Emphasis ours.)

It will be noted that the word ''corporation'' and the words ''any . . . corporation'' used above are the

exact words used to define "person" as were used in the 1949 Act. It will be further noted that in the 1941 Act the word "person" is specifically defined to mean or include "city" and "municipality," while the 1949 Act does not contain either of these words. The difference between the definition of "person" in the two Acts has a significance which we are not at liberty to ignore, and which impels us to conclude that the omission of the words "city" and "municipality" from the act under consideration evinces an intent on the part of the legislature not to impose the Use Tax on municipalities. It is obvious that the legislature, in passing said Act 487 of 1949 was cognizant of the 1941 Gross Receipt Act, and likewise was cognizant of the definition of the word "person" as used therein. It is only reasonable to assume that the legislature had a purpose in deleting the words "city" and "municipality" from the definition contained in Act 487 of 1949, and that purpose could be none other than to exempt municipalities from the provisions of the Act. In said Act 487 of 1949 the legislature defined "person" to mean some twenty different things and if it had meant to include cities and municipalities it would have been easy to have done so.

■ It is immaterial that some doubt may exist as to whether the word "person" or the word "corporation" was meant to include a municipality. The mere fact that this suit is pending may indicate such a doubt, even though this court, in *Boone County* v. *Keck,* 31 Ark. 387, indicated very clearly that the word "corporation" does not mean or include a municipality. The 1941 Legislature must have thought it was necessary to mention "cities and municipalities" in addition to the word "corporation" or it would not have done so.

However, if such doubt does exist, though we think none does, concerning the intent of the legislature to exclude municipalities from the tax still that doubt must be resolved in favor of appellee here. This court has many times held that a tax act must be construed in favor of the purported taxpayer and that we are not at liberty to imply a meaning to a tax act which is not clearly

stated. In *Morley, Commissioner of Revenues* v. *Pitts,* 217 Ark. 755, 233 S. W. 2d 539, at page 757 of the Arkansas Reports, it was said:

"Tax acts are to be construed in favor of the taxpayer; and matters not appearing in a taxing Statute are not to be read into it when such result is adverse to the taxpayer through implication. Our cases recognizing and declaring this salutary interpretation of the law are legion."

In *U-Drive-'Em Service Company* v. *Hardin, Commissioner of Revenues,* 205 Ark. 501, 169 S. W. 2d 584, at page 506 of the Arkansas Reports, the court quoted with approval:

" 'It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power.' "

In *McCain, Commissioner of Labor* v. *Crossett Lumber Company,* 206 Ark. 51, 174 S. W. 2d 114, at page 61 of the Arkansas Reports, it was said:

". . . it 'might be well to observe in passing that in construing an act imposing a special tax, such as we have here, we must construe the same strictly against the state and favorably to the taxpayer, and all ambiguities or doubts therein respecting liability for such tax must be resolved in favor of the taxpayer."

In *Moses, Executor,* v. *McLeod, Commissioner of Revenues,* 207 Ark. 252, 180 S. W. 2d 110, it was likewise stated at page 256 of the Arkansas Reports that "even if there were any doubt about the proper construction of the act, it would be the duty of the court to resolve such doubt in favor of the taxpayer." Many other cases could be cited which hold uniformly to the same effect.

We conclude, therefore; First, that the elimination of cities and municipalities from the definition of "per-

son'' in Act 487 of 1949 evinces a definite intent to exclude municipalities from the operation of the Act; and, Second, that if any doubt does exist in this regard it must be resolved in favor of appellee.

The argument that cities should not be allowed to make out of state purchases tax free, when they are compelled [under Act 386 of 1941] to pay a tax on purchases made within the state, is a matter which addresses itself, not to the judiciary, but to the legislative branch of our government.

It follows from the above that the judgment of the trial court was correct and the same is hereby affirmed.