SCURLOCK, COMMISSIONER OF REVENUES v. SHERMAN.

5-609                                          276 S. W. 2d 52

Opinion delivered March 7, 1955.

*O. T. Ward,* for appellant.

*James M. McHaney* and *Owens, Ehrman & McHaney,* for appellee.

GEORGE ROSE SMITH, J. This is a suit to recover income taxes in the amount of $770.35, which the appellee paid under protest to the appellant. The issue narrows down to the question of whether the appellee was entitled to deduct from his 1952 taxable income certain contributions which he made to unsuccessful oil and gas operations conducted outside the state. The effect of the

chancellor's decree is to uphold the deductibility of these expenditures.

By a written contract dated May 1, 1952, the appellee agreed to reimburse four nonresident oil and gas operators for one-eighth of their expenses in the search for oil and gas, in return for a similar share of the profits resulting from production. Pursuant to this contract the appellee advanced $17,105.93 during the year in question, but the venture was entirely unproductive. He now contends that the state statutes permit him to deduct this outlay from other taxable income.

Were it not for the enactment of Act 320 of 1953, Ark. Stats. 1947, § 84-2018, the case would unquestionably be controlled by the holding in *Morley* v. *Pitts,* 217 Ark. 755, 233 S. W. 2d 539. There we held that expenses incurred in unsuccessful out-of-state oil and gas activities were deductible from taxable income.

The Commissioner insists that the rule of the *Morley* case was changed by Act 320, which amended the statute considered in the earlier case. Before the amendment, the statute (as construed in the *Morley* opinion) exempted certain out-of-state income from local taxation but did not disallow the deduction of expenses incurred in an unsuccessful attempt to obtain such exempt income. The 1953 amendment added this proviso to the existing law: "Provided further, that no income which arises from and no expense or losses incurred in the use, production, exploration, or sale of real estate situated in another State but owned by a resident of Arkansas shall be included in the gross income, deductions, or net income of such resident person for income tax purposes."

Doubtless the 1953 amendment was intended to modify the rule of the *Morley* case, for the amendment supplied a specific reference to expenses, which was the omission we had found in the original law. But the amendment is not comprehensive enough to reach this case, for it disallows the deduction only when the expense or loss is incurred in connection with real estate "situated in another State but *owned* by a resident of

Arkansas." It is not contended that the appellee's contract with his nonresident associates contemplated, or resulted in, the ownership of land on his part. Rather, it is argued that since almost any business venture involves real estate either directly or indirectly, it would be unwise to restrict the disallowance of the deduction to those instances in which the taxpayer actually owns the land. This argument might be persuasive if addressed to the legislature, but such considerations of policy do not authorize us to disregard the plain wording of the statute. The Commissioner has not shown that the present case falls within the language of the 1953 law.

Affirmed.