COMMISSIONER OF REVENUES *v.* ARK. STATE HIGHWAY COMMISSION.

5-2144                                    337 S. W. 2d 665

Opinion delivered May 23, 1960.

[Rehearing denied September 12, 1960]

*Lyle Williams,* for appellant.

*Neill Bohlinger, H. Clay Robinson,* for appellee.

ED. F. McFADDIN, Associate Justice. The question presented on this appeal is whether the Highway Commission[1] is required to pay the Use Tax on merchandise it purchased outside of the State and used inside the State. The facts have been stipulated. The Revenue Commissioner assessed a tax of $999.70 against the Highway Commission under the Use Tax Act. The amount was paid under protest; and the Highway Commission brought this suit to recover the amount paid — a procedure provided in the said Use Tax Act (§ 84-3120, Ark. Stats.). The Chancery Court rendered a decree in favor of the Highway Commission; and the Commissioner of Revenues brings this appeal, presenting for decision the question first stated.

[1] The full style of the appellant, as contained in the record of this case, is "Office of Commissioner of Revenues and Arkansas State Revenue Department, J. Orville Cheney, Commissioner, E. E. McLees, Assistant Commissioner". The full style of the appellee, as contained in the record, is "Arkansas State Highway Commission". For convenience we will refer to the appellant as, "Revenue Commissioner", and to the appellee as, "Highway Commission".

The Commissioner of Revenues urges: that by the Use Tax Act[2] a tax was levied on the use of all merchandise purchased by any *person* outside the State and used in the State; that in defining the word "person" in § 4(h) of the Use Tax Act (§ 84-3104(h), Ark. Stats.) it is stated that the word "person" means "any . . . agency"; that the Highway Commission is an *agency*; that in the emergency clause of the Use Tax Act (§ 84-3128, Ark. Stats.) it is stated that the purpose of the Act is to remove discrimination; and that unless the Highway Commission is subject to the tax, its purchases outside of the State will mean discrimination against local merchants. The Commissioner of Revenues also urges most forcibly that, under § 6(c) of the Act (§ 84-3106 (c), Ark. Stats.), a "governmental agency" may apply in certain instances for a refund of the tax paid; that a "governmental agency" could not apply for a refund if the governmental agency had not previously paid the tax; that the governmental agency would not have paid the tax in the first instance if not liable therefor; and that if a "governmental agency" is liable to pay the tax then the Highway Commission is liable in this case because the Highway Commission is a "governmental agency".

These are very logical and forceful arguments by the Commissioner of Revenues; but we conclude that our holding in *Scurlock* v. *City of Springdale,* 224 Ark. 408, 273 S. W. 2d 551, points unalterably to our holding in the case at bar. In the Springdale case, the Commissioner of Revenues claimed that the City of Springdale was liable for the Use Tax on articles purchased outside of the State and used in the State. In holding that the Use Tax Act did not apply to a municipal corporation, such as the City of Springdale, we called attention to the definition of "person" as contained in § 4(h) of the Use Tax Act (§ 84-3104(h), Ark. Stats.)

[2] The Use Tax is officially called "The Arkansas Compensating Tax Act of 1949". It is Act No. 487 of 1949, and, as amended, may be found in § 84-3101 *et seq.,* Ark. Stats. The Sales Tax Act is officially called "The Arkansas Gross Receipts Act of 1941". It is Act No. 386 of 1941, and, as amended, may be found in § 84-1901 *et seq.,* Ark. Stats.

as compared with the definition of "person" as found in § 2(a) of the Sales Tax Act (§ 84-1902(a), Ark. Stats.). In the said Sales Tax Act the Legislature had specifically said that ". . . 'person' includes . . . this State, any County, City, Municipality, School District, or any other political sub-division of the State . . ."; whereas, in the Use Tax Act the definition of "person" did not contain any such language. We therefore concluded that the Legislature, by defining "person" in the Sales Tax Act to include the State and its subdivisions, and in failing to likewise define "person" in the Use Tax Act, thereby necessarily intended to exclude the State and its sub-divisions from the Use Tax Act.

In *Scurlock* v. *Springdale, supra,* we furthermore quoted from *U-Drive-'Em Service Co.* v. *Hardin,* 205 Ark. 501, 169 S. W. 2d 584:

" 'It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power.' "

Then in *Scurlock* v. *Springdale* we concluded our opinion with this statement:

"The argument that cities should not be allowed to make out of state purchases tax free, when they are compelled (under Act 386 of 1941) to pay a tax on purchases made within the state, is a matter which addresses itself, not to the judiciary, but to the legislative branch of our government."

The opinion in *Scurlock* v. *Springdale* was rendered on December 20, 1954. Since that time there have been three regular sessions of the Legislature and several extraordinary sessions, yet there has been no amendment of the definition of the word "person" in the Use Tax Act. We must, therefore, conclude that our holding in *Scurlock* v. *Springdale* was in accord with the legislative intentions and desires. That holding, as aforesaid, points

unalterably to our conclusion here: that in the light of all the facts the definition of "person" in the Use Tax Act is not broad enough to apply to the Highway Commission.

The decree of the chancery court is affirmed.