**Odie HILL, Plaintiff,**

v.

**MORGAN POWER APPARATUS CORPORATION, Defendant.**

**No. H–65–C–21.**

United States District Court
E. D. Arkansas, E. D.

Feb. 18, 1966.

Henry Woods, of McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., for plaintiff.

William H. Sutton, of Smith, Williams, Friday & Bowen, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

GORDON E. YOUNG, District Judge.

The complaint in this case alleges that the plaintiff is a citizen of Arkansas and that he was injured in October 1964 in Lee County, Arkansas, through the use of a defective swivel manufactured by defendant which had been purchased by plaintiff's employer, a California contractor engaged in a construction project in Arkansas.

The defendant is incorporated under the laws of the State of Washington, with its principal place of business at Seattle. It has no employees or agents in the State of Arkansas. It has no place of business, maintains no office, and has no property in this State.

In September 1964 plaintiff's employer, by telephone, arranged for the purchase of certain materials from defendant, including the swivel mentioned in the complaint, and for their shipment to Arkansas, which was done. The defendant had never sold or shipped any goods to Arkansas prior to that time and has not done so since.

The attempted service had upon the defendant was under Act 101, Ark.Stats. 27–2502, the pertinent portion reading as follows:

"27–2502. Bases of personal jurisdiction over persons outside this state.

\* \* \* \* \* \*

"C. Personal jurisdiction based upon conduct. "1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

(a) transacting any business in this State;

(b) contracting to supply services or things in this State;

(c) causing tortious injury by an act or omission in this State;

(d) causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services used in this State;

(e) having an interest in, using, or possessing real property in this State; or

(f) contracting to insure any person, property, or risk located within this State at the time of contracting.

"2. When jurisdiction over a person is based solely upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him."

Plaintiff claims that his service is authorized under 1(b) and (c) above.

Broadly, the questions here are: (a) What Arkansas has established as the limits of its jurisdiction over foreign corporations under its statute, and (b) If these limitations do not exclude the present suit, whether its inclusion complies with due process under the Fourteenth Amendment.

The Supreme Court of Arkansas has not passed on this question, and this

Court is left to its own devices in attempting to interpret the statute's extent and limitations.

Here if the federal question is reached we are "confronted, factually, with a strict 'single act' situation such as where an isolated offending product is the only contact between the defendant and the forum state." Thus we would be "propelled into the very center of the controversial area of pure single act interstate situations where courts, on the constitutional issue, appear still to reach varying results." See Judge Blackmun's opinion in Aftanase v. Economy Baler Co., 343 F. 2d 187 (8th Cir.1965). But in our interpretation of the Arkansas statute we do not reach the federal question.

A number of the states have enacted "long arm statutes" and they have received various interpretations in the courts. Since the statutes in the states differ, however, court decisions frequently are of little help in construing a statute in another state.

Assuming, without deciding, that a telephone call by a California corporation to a corporation in Washington asking that goods be sent to it in the State of Arkansas brings it within the purview of (b) above, we do not believe that it contemplates service under the circumstances here.

Some of the paragraphs of this statute are necessarily general in nature, and (b) as well as (c) fall in that category; (d), however, is more specific, and refers to conduct causing injury in this State by an act or omission outside this State. The alleged faulty construction or design of the swivel involved here occurred outside the State, although the alleged injury was caused in the State.

■ It is the general rule of statutory construction that, "Where, however, general provisions, terms, or expressions in one part of the statute are inconsistent with more specific or particular provisions in another part, the particular provisions must govern or control * * *" 82 C.J.S. Statutes § 347b, p. 720; and, at p. 722, "The specific provisions must be given effect notwithstanding the general provision is broad enough to include the subject to which the specific provisions relate. The particular provision should be regarded as an exception to the general provision so that both may be given effect, the general applying only when, or where, the particular enactment is inapplicable."

The Arkansas Supreme Court said in Wiseman v. Arkansas Utilities Company, 191 Ark. 854, 855, 88 S.W.2d 81, 82, "It is well settled that where there is, in the same statute, a particular and also a general enactment, the latter including what is embraced in the former, the particular enactment is operative and the general enactment must be taken to effect only that which, within its general language, is not within the provisions of the particular enactment."

■ Since the alleged act or omission complained of is more specifically described in (d), this appears to be the applicable section, but plaintiff's service cannot be good under this section because of a further requirement that defendant regularly do or solicit business or engage in other persistent course of conduct or derive substantial revenue from goods consumed or services used in Arkansas.

It is undisputed here that the shipment of these goods to Arkansas was a single or isolated transaction and defendant has had no other contact with the State.

The attempted service will be quashed.