■
**James T. BENN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 22332.**

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1966.

William H. Deck, John Glandon Davies, Washington, D. C., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Mitchell Rogovin, Chief Counsel, I.R.S., Glen E. Hardy, Atty., I.R.S., Richard M. Roberts, Act. Asst. Atty. Gen., Thomas L. Stapleton, David O. Walter, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and BROWN and GODBOLD, Circuit Judges.

PER CURIAM:

The Petition for Rehearing of 366 F. 2d 778 and Reconsideration is denied.

This petition complains of the fact that, in its prior decision, this Court stated that all the issues were issues of fact, without commenting upon the mixed issues of law and fact, and the legal determinations of the Tax Court, of which it complains. The opinion by this Court is amended to read as follows:

The Tax Court correctly dealt with the legal questions and the mixed questions of law and fact. None of these is of sufficient significance to require an opinion by this Court. All of the remaining issues were purely questions of fact. They were decided by the Tax Court upon evidence which it was entitled to credit. The decision by the Tax Court on these issues is not clearly erroneous, and it is therefore

Affirmed.

■
**Odie HILL, Appellant,**

v.

**MORGAN POWER APPARATUS CORPORATION, Appellee (two cases).**

**Nos. 18357, 18358.**

United States Court of Appeals
Eighth Circuit.

Nov. 22, 1966.

Henry Woods, of McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., for appellant.

William H. Sutton, of Smith, Williams, Friday & Bowen, Little Rock, Ark., for appellee.

Before VOGEL, Chief Judge, GIBSON, Circuit Judge, and REGISTER, District Judge.

PER CURIAM.

Plaintiff-appellant, a citizen of Arkansas, was injured on October 24, 1964, in an accident in Arkansas while using a defective swivel manufactured by defendant-appellee, a Washington corporation. Two separate actions were commenced by plaintiff-appellant, one in warranty and one in tort, alleging that the swivel was defective and was the cause of plaintiff-appellant's injury. In each case plaintiff-appellant attempted to obtain jurisdiction over the defendant-appellee by virtue of provisions of Ark. Stat.Ann. § 27–2502:

*"Bases of personal jurisdiction over persons outside this state."*

In interpreting the Arkansas statute, Judge Young found it inapplicable and accordingly quashed the service in both cases. Judge Young's opinion is published in D.C., 259 F.Supp. 609. Because he has arrived at a permissible conclusion with reference to Arkansas law and a conclusion with which we are in complete accord, we affirm on the basis of his opinion as published.